

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# Keung NG v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 04-4672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Keung NG v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4672

KEITH WAI KEUNG NG

Petitioner

v.

\*ATTORNEY GENERAL OF THE UNITED STATES

Respondent

\*Pursuant to F.R.A.P. 43(c)

On Petition for Review from
the United States Department of Justice
Board of Immigration Appeals
(BIA No. A17-156-946)

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2005

Before: BARRY, AMBRO and ALDISERT, Circuit Judges

(Filed: February 7, 2006 )

James J. Orlow, Esq.
Orlow & Orlow
620 Chestnut Street
Suite 656
Philadelphia, Pa 19106

      Counsel for Petitioner

Carol Federighi, Esq.
United States Department of Justice
Civil Division
901 E Street, N.W.
Washington, D.C. 20530

Michael Lindemann, Esq.
Douglas E. Ginsburg, Esq.
John D. Williams, Esq.
Jocelyn L. Wright, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

      Counsel for Respondent

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>

This petition for review of a decision of the Board of Immigration Appeals ("BIA") presents a single issue: whether Petitioner Keith Wai Keung Ng's use of interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958, constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). We conclude that it does. Accordingly, Ng is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and the petition for review will be denied.

I.

Ng is a native of Hong Kong and a citizen of the United Kingdom. He was admitted to the United States as a nonimmigrant on July 10, 1966, and his status was adjusted to that of a lawful permanent resident on May 20, 1976.

On September 14, 2000, Ng was convicted in the United States District Court for the Eastern District of Michigan of three counts of violating 18 U.S.C. § 1958, which proscribes the use of interstate commerce facilities in the commission of a murder-for-hire. He was sentenced to 121 months in prison. The indictment reflects that Ng traveled from California to Michigan, made phone calls from California to Michigan, and caused the putative hitman to travel from Michigan to California, all with the intent of paying to have his then-girlfriend's husband murdered. The putative hitman became a government informant after being contacted by Ng and never intended nor attempted to follow through with the scheme.

3

On April 4, 2002, the Immigration and Naturalization Service[1] served Ng with a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined at 8 U.S.C. § 1101(a)(43). Specifically, the Notice to Appear alleges that Ng had been convicted of an aggravated felony as defined at § 1101(a)(43)(F), which states: "[A] crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is] at least one year."

In the proceedings before the Immigration Judge ("IJ"), Ng admitted that he had been convicted of violating 18 U.S.C. § 1958, but disputed that he had committed a "crime of violence" as defined at 18 U.S.C. § 16. Ng filed a motion to terminate proceedings, which the IJ denied in a July 13, 2004 order. The IJ then found Ng removable, concluding that a violation of 18 U.S.C. § 1958 constitutes a "crime of violence" under 18 U.S.C. § 16, and is therefore an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F).

Ng timely appealed, and the BIA affirmed without

---

[1] On March 1, 2003, the INS's functions were transferred to the newly-formed Bureau of Immigration and Customs Enforcement, within the United States Department of Homeland Security. See Knapik v. Ashcroft, 384 F.3d 84, 86 n.2 (3d Cir. 2004) (citing Homeland Security Act of 2002, Pub. L. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

opinion pursuant to 8 C.F.R. § 1003.1(e)(4). This petition for review followed.

## II.

We have jurisdiction over Ng's petition for review pursuant to 8 U.S.C. § 1252(a)(2)(D). The Real ID Act, which took effect on May 11, 2005, and applies retroactively to pending petitions for review, see Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005), clarifies that our jurisdiction extends to "questions of law raised upon a petition for review," including petitions for review of removal orders based on aggravated felony convictions.[2] See Real ID Act § 106(a)(1)(A)(iii), Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), codified at 8 U.S.C. § 1252(a)(2)(D). We are therefore free to consider Ng's purely legal contention that he was not convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). See Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005).[3]

---

[2] On January 28, 2005, the Government filed a motion to dismiss for lack of jurisdiction. In light of the enactment of the Real ID Act, however, the Government has withdrawn its motion to dismiss.

[3] Prior to the Real ID Act, our jurisdiction to review orders of removal for aggravated felonies was limited. The statute granting us jurisdiction to review immigration orders provided that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense . . . ." 8 U.S.C. § 1252(a)(2)(C)

5

III.

This case turns on a question of pure statutory interpretation. Specifically, we must determine the meaning and application of the term "crime of violence," as referenced at 8 U.S.C. § 1101(a)(43)(F) and defined at 18 U.S.C. § 16. Although this Court has previously observed that "there is some confusion surrounding the proper standard of review in cases such as this," Patel v. Ashcroft, 294 F.3d 465, 467 (3d Cir. 2002); see also Singh v. Ashcroft, 383 F.3d 144, 150-152 (3d Cir. 2004), we recently held that the BIA's interpretation of 18 U.S.C. § 16 is not entitled to any deference. Singh v. Gonzales, No. 04-4261, slip op. at 5 (3d Cir. January 3, 2006) ("The BIA's interpretation of 18 U.S.C. § 16 is not entitled to deference by this Court: as a federal provision outside the INA, it lies beyond

---

(1999). We did, however, retain "'jurisdiction to determine our jurisdiction' under [8 U.S.C. § 1252(a)(2)(C)] with respect to both of the predicate facts required for application of [§ 1252(a)(2)(C)] – first, whether a petitioner is in fact an alien, and, second, whether he or she is indeed removable by reason of having been convicted of one of the enumerated offenses in [§ 1252(a)(2)(C)]." Papageorgiou, 413 F.3d at 357. If we determined that these two elements were satisfied, then we were obligated to dismiss the petition for lack of jurisdiction. If, on the other hand, we determined that one of the elements was not satisfied, we had jurisdiction over the petition. After the Real ID Act, we now have jurisdiction over "constitutional claims and questions of law" regardless of whether these jurisdictional elements are satisfied. See 8 U.S.C. § 1252(a)(2)(D).

6

the BIA's special area of expertise."); see also Tran, 414 F.3d at 467.[4]  Accordingly, we exercise plenary review over Ng's legal contention that the use of interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958 is not an aggravated felony.

IV.

Under 8 U.S.C. § 1227(a)(2)(A)(ii), an alien convicted of an aggravated felony is removable.  The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43) by reference to dozens of crimes.  Our inquiry is confined to § 1101(a)(43)(F), which provides that the definition of an aggravated felony includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."  18 U.S.C. § 16, in turn, defines the term "crime of violence" as:

---

[4] We have also previously questioned whether a BIA decision is entitled to deference when, as here, the BIA has affirmed without opinion the decision of the IJ pursuant to 8 C.F.R. § 1003.1(e)(4).  See Smiriko v. Ashcroft, 387 F.3d 279, 289 n.6 ("[I]t would seem to be, at the very least, an open question as to whether an IJ's decision affirmed through the streamlining process would be entitled to Chevron deference . . . [D]eferring to the reasoning of an IJ from which the BIA would be free to depart in other cases would seem highly problematic."); cf. Singh, 383 F.3d at 152 ("[T]he BIA, by affirming without opinion, gave no considered and authoritative agency-wide interpretation of the statute . . ..").

7

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Ng was convicted of three counts of the use of interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. Section 1958 provides, in relevant part:

Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility in interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

The IJ concluded that a violation of § 1958 constitutes a crime of violence under 18 U.S.C. § 16(b) because the solicitation of a murder naturally presents a substantial risk that physical force will be used against another, regardless of whether the risk develops or harm actually occurs.[5] Ng counters that his crime did not involve any risk that physical force would be used against another because the hitman he attempted to hire was a government informant who had no intent to commit the murder. More broadly, he argues that the use of interstate commerce facilities in the commission of a murder-for-hire cannot constitute a crime of violence because § 1958 bars solicitation without requiring proof of acceptance. Only if there is acceptance, Ng argues, is there any risk that a murder will actually be accomplished or that violence will be used.

Ng's argument ignores that, subject to exceptions not at issue here, we employ the "formal categorical approach" announced in Taylor v. United States, 495 U.S. 575 (1990), in determining whether a crime falls within a category enumerated

---

[5] The IJ also concluded that a violation 18 U.S.C. § 1958 is a crime of violence under 18 U.S.C. § 16(a) because intent to murder is an element of the offense and murder necessarily involves physical force against another. Ng contends that 18 U.S.C. § 1958 does not include "as an element the use, attempted use, or threatened use of force" and that the IJ erred in conflating the crime of using interstate commerce facilities in the commission of a murder-for-hire with the intended crime of murder. Because we conclude that § 1958 is a crime of violence under § 16(b), we decline to reach this question.

by federal statute, here 8 U.S.C. § 1101(a)(43) and 18 U.S.C. § 16.[6] See Singh, 383 F.3d at 154. Under that approach, "an adjudicator 'must look only to the statutory definitions of the prior offenses,' and may not 'consider other evidence concerning the defendant's prior crimes,' including, 'the particular facts underlying a conviction.'" *Id.* at 147-148 (quoting Taylor, 495 U.S. at 600).

Employing the categorical approach here, we are satisfied that the use of interstate commerce facilities in the commission of a murder-for-hire poses a substantial risk that physical force will be used against another. Because we look only to the

---

[6] We noted in *Singh* that the formal categorical approach does not apply when the enumerating statute "invite[s] inquiry into the facts underlying the convictions at issue" or if the statute of conviction is phrased in the disjunctive. See Singh, 383 F.3d at 161, 163. Ng does not contend, nor does it appear from the statutory text, that 18 U.S.C. § 1958 or 8 U.S.C. § 1101(a)(43)(F) invite inquiry into the underlying facts except insofar as § 1101(a)(43)(F) requires that the term of imprisonment must exceed one year and that the crime cannot be "purely political." See id. (observing that cases interpreting the term crime of violence "do not look to underlying facts because the enumerating statute does not invite any such inquiry"). Ng does not contend that he was sentenced to less than a year in prison or that his crime was political. And although 18 U.S.C. § 1958 is phrased in the disjunctive with respect to the type of interstate commerce facility involved, this inquiry has no bearing on whether the crime is one of violence.

10

elements of the statute under which Ng was convicted, it is irrelevant that the putative hitman had no intent to murder Ng's girlfriend's husband. Nor is it relevant that, by requiring only proof of intent to enter into a murder-for-hire agreement and not of an actual agreement, § 1958 proscribes conduct that may never pose a risk of violence. This might be a different case if § 1958 prohibited the use of interstate commerce facilities ***only*** when the person solicited to commit the murder does not acquiesce in the plan. But it does not. It proscribes the use of interstate commerce facilities in the commission of a murder-for-hire regardless of whether the person solicited to commit the murder agrees to the plan or not. That some violations of § 1958 will never culminate in an actual agreement or the commission of a murder does not alter our view that the natural consequence of using interstate commerce facilities in the commission of a murder-for-hire is that physical force will be used upon another. See United States v. Luskin, 926 F.2d 372, 379 (4th Cir. 1991) (holding that the use of interstate commerce facilities in the commission of a murder-for-hire under 18 U.S.C. § 1952A, the predecessor statute to § 1958, constitutes a crime of violence); cf. United States v. Cox, 74 F.3d 189, 190 (9th Cir. 1996) (holding that defendant's conviction for soliciting the murder of his wife constitutes a "crime of violence" under U.S.S.G. § 4B1.2, which defines a crime of violence as "conduct that presents a serious potential risk of physical injury to another"). Accordingly, the IJ properly concluded that Ng was convicted of a crime of violence.

V.

We conclude that Ng's conviction for use of interstate

11

commerce facilities in the commission of a murder-for-hire is a crime of violence and is therefore an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). The petition for review will be denied.