

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2006

# Zhao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Zhao v. Atty Gen USA" (2006). *2006 Decisions*. Paper 606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3572

HUI ZHAO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondents

On Petition for Review of an Order of
The Board of Immigration Appeals
(No. A42-731-278)
Immigration Judge: Charles M. Honeyman

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2006

Before: AMBRO and BECKER,* Circuit Judges,
STAGG,** District Judge

(Opinion filed: August 8, 2006)

_____

* This case was submitted to the panel of Judges Ambro, Becker, and Stagg. Judge
Becker died before the filing of this Opinion. It is filed by a quorum of the panel under
28 U.S.C. § 46(d).

** Honorable Tom Stagg, Senior District Judge for the Western District of
Louisiana, sitting by designation.

---

OPINION

---

AMBRO, Circuit Judge

Hui Zhao, a Chinese citizen, was convicted of an aggravated felony—conspiracy to purchase drugs. He was charged with removal and appeared before an immigration judge, who denied him relief. Zhao claims that he is eligible for asylum or cancellation of removal, that he was not convicted of a "particularly serious crime," and that he is entitled to relief under the Convention Against Torture (CAT). But Zhao's aggravated-felony conviction precludes his success on the first issue and divests us of jurisdiction over the third, and the finding of a "particularly serious crime" was not unreasonable. We therefore deny his petition for review.

## I. Factual Background and Procedural History

Zhao is a native and citizen of the People's Republic of China. He was convicted in March 2001 for conspiracy to possess with intent to distribute marijuana and cocaine. The charge against Zhao was that he had brokered a deal with a codefendant to buy 10 pounds of marijuana and 5 ounces of cocaine for $11,000 from a government informant. He was sentenced to 15 months' imprisonment and 3 years' supervised release.

The Immigration and Naturalization Service[1] filed a notice to appear charging Zhao with being subject to removal as an alien convicted of a controlled-substance law

---

[1] Now Bureau of Immigration and Customs Enforcement.

2

and as an alien convicted of an aggravated felony. Zhao appeared before an immigration judge (IJ). He admitted the factual allegations on the notice to appear, denied removability, and sought relief under statutory withholding of removal and under the CAT.[2] The IJ denied his applications.

Zhao timely appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision. Zhao petitioned for review of the BIA's decision in our Court, but we dismissed the petition for lack of jurisdiction in July 2004. Later that month, Zhao filed a petition for a writ of *habeas corpus* in the Middle District of Pennsylvania, which transferred the petition, as a converted petition for review, to our Court.

## II. Discussion

The BIA had jurisdiction under 8 C.F.R. § 1003.1(b). Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, div. B, § 106(c), 119 Stat. 231, 311, the District Court transferred Zhao's *habeas* petition to our Court in July 2005.

The Government contests our jurisdiction. Because we split Zhao's arguments into three categories, we deal with the specific jurisdictional (and, if applicable, standard of review) issues separately for each one.

We have jurisdiction to consider our jurisdiction, *cf. Papageorgiou v. Gonzales*, 413 F.3d 356, 357 (3d Cir. 2005), and we "review jurisdictional questions *de novo*," *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 157 (3d Cir. 2004).

_____

[2] Officially, the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85.

**A.**

Zhao first disputes the BIA's conclusion that he is not eligible for asylum or cancellation of removal. He claims that his crime was not "particularly serious" under the framework set forth in *In re Y-L-*, 23 I. & N. Dec. 270 (B.I.A. 2002). But the resolution of this issue rests on plain statutory language.[3]

Under 8 U.S.C. § 1158(b)(2)(A)(ii), an alien "convicted by a final judgment of a particularly serious crime" is not eligible to apply for asylum if the Attorney General determines that he "constitutes a danger to the community of the United States." We need not look to *In re Y-L-* to decide whether Zhao was convicted of a particularly serious crime, as the statute further provides that "an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime." *Id.* § 1158(b)(2)(B)(i). In our July 2004 order, we determined that Zhao's conviction qualifies as an aggravated felony. He is not eligible to apply for asylum because he is statutorily deemed to have been convicted of a particularly serious crime.

Likewise, Zhao is not eligible for cancellation of his removal. Under 8 U.S.C. § 1229b(a)(3), the Attorney General cannot cancel removal for an alien who has "been convicted of any aggravated felony."

**B.**

_____

[3] We exercise *de novo* review over the BIA's legal conclusions, "subject to established principles of deference." *Mendez-Reyes v. Att'y Gen.*, 428 F.3d 187, 191 (3d Cir. 2005) (internal quotation marks omitted).

4

Zhao argues that the IJ erred in deciding that he had been convicted of a particularly serious crime,[4] a decision that led the BIA to decide that he was ineligible for statutory withholding of removal.[5] Under 8 U.S.C. § 1231(b)(3)(B)(ii), the Attorney General cannot withhold an alien from removal if "the Attorney General decides that . . . the alien, having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States." An alien convicted of an aggravated felony and sentenced to an aggregate term of imprisonment of at least five years is statutorily deemed to have committed a "particularly serious crime." *Id.* § 1231(b)(3)(B). Because Zhao was sentenced to only 15 months' imprisonment, he does not automatically fall within that category. This mandatory five-year qualification does not, however, "preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime." *Id.*

The Government argues that we do not have jurisdiction to decide this issue under either § 1252(a)(2)(B) or § 1252(a)(2)(C). Under *Alaka v. Attorney General*, — F.3d —, —, 2006 WL 1994500, at *15 (3d Cir. July 18, 2006), though, we do have jurisdiction to

---

[4] The definition of a particularly serious crime is different in the context of statutory withholding of removal under 8 U.S.C. § 1231 than in the context of asylum under 8 U.S.C. § 1158.

[5] Statutory withholding of removal is different than withholding of removal under the CAT. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). We discuss the CAT claim below.

review the BIA's "particularly serious crime" determination. For this question, which involves the application of law to fact, we "review the BIA's legal decisions *de novo*, but will afford *Chevron* deference to the BIA's [and the IJ's] reasonable interpretations of statutes which it is charged with administering." *Francois v. Gonzales*, 448 F.3d 645, 648 (3d Cir. 2006) (internal quotation marks omitted).[6]

*In re Y-L-* holds that "aggravated felonies involving unlawful trafficking in controlled substances presumptively constitute 'particularly serious crimes' within the meaning of section 241(b)(3)(B)(ii) [8 U.S.C. § 1231(b)(3)(B)(ii)]. Only under the most extenuating circumstances that are both extraordinary and compelling would departure from this interpretation be warranted or permissible." 23 I. & N. Dec. at 274. Instead of deeming all drug-trafficking offenses to be *per se* particularly serious, the Attorney General opted to leave open "the possibility of the very rare case where an alien may be able to demonstrate extraordinary and compelling circumstances that justify treating a particular drug trafficking crime as falling short of that standard." *Id.* at 276.

> Such an "unusual circumstance[]" requires at least these several factors:
>
> (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence . . . ; (5) the absence of any organized crime or terrorist organization involvement . . . ; and (6) the absence of any adverse or harmful effect . . . on juveniles.

---

[6] The BIA here issued an opinion, so we are not faced with the question whether an IJ's opinion affirmed by the BIA without opinion is also entitled to *Chevron* deference. *See Ng v. Att'y Gen.*, 436 F.3d 392, 395 n.4 (3d Cir. 2006).

*Id.* at 276–77.

We do not need to analyze factors (4), (5), or (6), as they are not at issue here. Zhao argues that his crime is not particularly serious under factors (1), (2), and (3). He thus claims that 10 pounds of marijuana and 5 ounces of cocaine are "a very small quantity of controlled substance"; that $11,000 is "a very modest amount of money"; and that buying drugs from a government informer for a co-conspirator is "merely peripheral involvement."

Zhao is correct that the crimes discussed in *In re Y-L-* were more serious than his. One involved 84 grams of cocaine and resisting a police officer with violence. *Id.* at 277. Another involved 1,330 grams of cocaine. *Id.* at 278. The third involved "multi-kilogram quantities" of cocaine for distribution. *Id.* But the Attorney General also noted that "each [respondent] was a direct actor or perpetrator—not merely a peripheral figure—in their respective criminal activities." *Id.* at 277.

Zhao's crime does not fit within each factor—each of which must be satisfied to escape the "particularly serious crime" determination. Ten pounds of marijuana and five ounces[7] of cocaine is not "a very small quantity of controlled substance." Eleven thousand dollars is not "a very modest amount of money." And buying drugs from a government informer for a co-conspirator is not "merely peripheral involvement." The IJ's determination that Zhao was convicted of a particularly serious crime and the BIA's

---

[7] We note that, as a mathematical statement, Zhao's five ounces of cocaine is roughly 140 grams.

determination that he was ineligible for statutory withholding of removal were both reasonable interpretations of § 1231(b)(3)(B).

## C.

Zhao also argues that the IJ erroneously made an adverse credibility determination for deferral of removal under the CAT.  The Government claims that we have no jurisdiction over this issue by virtue of 8 U.S.C. § 1252(a)(2)(C).

First, an IJ's final decision on a deferral of removal under the CAT is a "final order of removal" under § 1252(a)(2)(C).  Indeed, 8 C.F.R. § 208.18(e)(1) provides that "there shall be no judicial appeal or review of any action, decision, or claim raised under the [CAT], *except as part of the review of a final order of removal pursuant to section 242 of the Act* [8 U.S.C. § 1252]." (emphasis added).

Because 8 U.S.C. § 1252(a)(2)(C) divests us of "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)—that is, an aggravated felony]," we must consider whether § 1252(a)(2)(D) revives our jurisdiction over this issue.[8]

Section 1252(a)(2)(D) allows us jurisdiction over "constitutional claims or questions of law."  Zhao raises no constitutional claims.  Our Court has defined

---

[8] It is uncontested—and already decided in our July 2004 order—that Zhao was convicted of an aggravated felony, which includes "illicit trafficking in a controlled substance," 8 U.S.C. § 1101(a)(43)(B).

"questions of law" to include "pure questions of law and . . . issues of application of law to fact, where the facts are undisputed and not the subject of challenge." *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005) (citation and internal quotation marks omitted). But "factual or discretionary determinations continue to fall outside [our] jurisdiction." *Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006).[9]

What we have before us is neither a pure question of law nor an application of law to undisputed fact. The IJ's credibility determination is a factual issue. *See Jishiashvili v. Att'y Gen.*, 402 F.3d 386, 392 (3d Cir. 2005) (noting that "credibility determinations are factual matters"); *see also Cao v. Att'y Gen.*, 407 F.3d 146, 152 (3d Cir. 2005) ("The credibility determination, like all IJ factual findings, is subject to substantial evidence review."). Thus, Zhao's challenge to the adverse credibility finding is a question of fact, and § 1252(a)(2)(C) puts this issue outside our jurisdiction.[10]

---

[9] Although Zhao's *habeas* petition is treated as a petition for review after the REAL ID Act, *cf. Kamara*, 420 F.3d at 210, even our alien *habeas* jurisdiction was "limited to constitutional issues and errors of law . . . , but [did] not include review of administrative fact findings or the exercise of discretion," *Auguste v. Ridge*, 395 F.3d 123, 138 (3d Cir. 2005). And our post-REAL ID Act jurisdictional standard "mirrors our previously enunciated standard of review over an alien's habeas petition." *Kamara*, 420 F.3d at 211.

[10] *See also Hamid v. Gonzales*, 417 F.3d 642, 647 (7th Cir. 2005) ("Unfortunately for Hamid, his argument that the IJ wrongly denied him CAT relief does not depend upon any constitutional issue or question of law. Rather, it comes down to whether the IJ correctly considered, interpreted, and weighed the evidence presented . . . . We therefore find no basis, within the limited scope of our jurisdiction to consider the claims of aggravated felons, to find that the IJ erred. . . . , so we DISMISS his petition for review . . . for lack of jurisdiction.").

* * * * *

Zhao is ineligible for asylum or cancellation of removal because he was convicted of an aggravated felony. He is ineligible for statutory withholding of removal because he was convicted of a particularly serious crime. We do not have jurisdiction over his CAT claims because he raises only the factual issue of the IJ's adverse credibility finding.[11] We therefore deny in part and dismiss in part what we deem to be Zhao's petition for review.

---

[11] This therefore precludes us from rendering a decision on both of Zhao's arguments under the CAT—that he should not be ineligible for withholding under the CAT, and that he should be granted deferral of removal under the CAT.