

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2007

# Davis v. BCIS

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Davis v. BCIS" (2007). *2007 Decisions.* Paper 873.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/873

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  04-2078

RUDOLPH JEFFER DAVIS,

Appellant

v.

*ATTORNEY GENERAL OF THE UNITED STATES

(*Amended per order on 7/5/06)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil No. 03-cv-04398)
District Judge: Hon. William H. Yohn, Jr.

Argued on February 1, 2007

Before: BARRY and ROTH, <u>Circuit Judges</u>
IRENAS*, <u>District Judge</u>

(Opinion filed:  June 28, 2007)

---

\*Honorable Joseph E. Irenas, United States District Judge, for the District of New
Jersey, sitting by designation.

Barak A. Bassman, Esquire **(ARGUED)**
Barbara T. Sicalides, Esquire
Pepper Hamilton
18th & Arch Streets
3000 Two Logan Square
Philadelphia, PA   19103

Counsel for Appellant Rudolph Jeffer Davis


Paul G. Shapiro, Esquire **(ARGUED)**
Assistant United States Attorney
Patrick L. Meehan, Esquire
United States Attorney
Virginia A. Gibson, Esquire
Assistant U. S. Attorney
Chief, Civil Division
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA   19106

Counsel for Appellee United States of America

**O P I N I O N**

**ROTH,** Circuit Judge:

Rudolph Jeffer Davis petitions for review of the order of the Board of Immigration Appeals (BIA), affirming, without opinion, the order of the Immigration Judge (IJ) removing Davis from the United States.  We will deny the petition.

Davis is a native and citizen of St. Vincent and a legal permanent resident of the United States.  On July 3, 1997, Davis was convicted in the Court of Common Pleas of Philadelphia of possession of a controlled substance with intent to deliver, in violation of 35 Pa. Stat. §

780-113(a)(30), as well as simple possession, in violation of 35 Pa. Stat. § 780-113(a)(16).[1]

Davis was sentenced to nine months probation. Based on this conviction, the Immigration and Naturalization Service commenced removal proceedings against him on August 23, 1999, charging Davis with having been convicted of an aggravated felony, as defined in section 101(a)(43)(B) of the Immigration and Nationality Act. After a hearing, the IJ concluded that Davis committed an aggravated felony and ordered his removal to St. Vincent. Davis appealed the IJ's decision to the BIA. On December 4, 2002, the BIA affirmed, without opinion, the IJ's decision. In July 2003, Davis filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, challenging the BIA's order. The District Court denied Davis's habeas petition on March 3, 2004. Davis appealed the District Court's denial of his habeas petition to this Court. The REAL ID Act of 2005, which became effective on May 11, 2005, converted his appeal to a petition for review. *Jordon v. Attorney General*, 424 F.3d 320, 327 (3d Cir. 2005).

We have jurisdiction over Davis's petition for review pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Ng v. Attorney General*, 436 F.3d 392, 394 (3d Cir. 2006) ("our

---

[1]While Davis maintains that the government did not meet its burden of establishing that he was, in fact, convicted in state court of both charges, we conclude that we are without jurisdiction to consider this claim. "As a general rule, an alien must exhaust all administrative remedies *available to him as of right*" before the BIA as a prerequisite to raising a claim before this Court. *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005). Davis's conviction under 35 Pa. Stat. § 780-113(a)(30) was certainly an issue that the BIA was capable of addressing. Since Davis failed to raise this argument in his appeal to the BIA, he did not exhaust his administrative remedies. Thus, we do not have jurisdiction to consider it here.

jurisdiction extends to questions of law raised upon a petition for review, including petitions for review of removal orders based on aggravated felony convictions"). We exercise plenary review over Davis's legal argument that he was not convicted of an aggravated felony. *See Tran v. Gonzales*, 414 F.3d 464, 467 (3d Cir. 2005).

Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), an alien, who is convicted of certain offenses, including an aggravated felony, is subject to removal. The term "aggravated felony" is defined by statute, and includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). There are two routes by which a state drug conviction may qualify as an aggravated felony, the illicit trafficking route and the hypothetical federal felony route. Under the illicit trafficking route, a state drug conviction will constitute an aggravated felony if it is (1) a felony under state law and (2) contains a trafficking element. *Gerbier v. Holmes*, 280 F.3d 297, 312 (3d Cir. 2002). Under the hypothetical federal felony route, a state drug conviction will qualify as an aggravated felony if it is punishable as a felony under the Controlled Substances Act. *Id.* at 315.

Davis maintains that the IJ erroneously ordered his removal as an aggravated felon because 35 Pa. Stat. § 780-113(a)(30), the statute under which he was convicted, does not constitute an aggravated felony under either route. For the reasons that follow, we conclude that Davis's conviction constitutes an aggravated felony under the illicit trafficking route.[2]

---

[2]We, therefore, do not need to address the hypothetical federal felony route.

4

In *Garcia v. Attorney General*, 462 F.3d 287, 293 (3d Cir. 2006), we recognized that a conviction under 35 Pa. Stat. § 780-113(a)(30) is a felony under state law and, thus, satisfies the first requirement of the illicit trafficking route. Accordingly, a conviction under this statute will constitute an aggravated felony if it contains a trafficking element. To contain a trafficking element, a state felony must involve "the unlawful trading or dealing of a controlled substance." *Gerbier*, 280 F.3d at 305. In *Gerbier*, we noted that "distribution, solicitation, [and] possession with intent to distribute" suggest trading or dealing in a controlled substance. *Id.* at 313.

To determine whether Davis's conviction contained a trafficking element, we may examine the charging instrument. *Garcia*, 462 F.3d at 292 (finding the criminal complaint sufficient to indicate that the defendant's conviction under 35 Pa. Stat. § 780-113(a)(30) contained a trafficking element). Here, the criminal complaint states: "the defendant unlawfully sold and delivered a controlled substance, to wit, one packet of marijuana to an undercover police officer, and possessed an additional 17 packets of marijuana and one bag of loose marijuana of sufficient quantity and/or under sufficient circumstances as to indicate an intent to deliver." It is clear from the criminal complaint that Davis was charged with delivery and possession with intent to deliver marijuana, which, as explained in *Gerbier*, suggests that he was trading or dealing in a controlled substance. Thus, the record of Davis's state conviction is sufficient to establish that his conviction contained a trafficking element.

Because Davis's conviction under 35 Pa. Stat. § 780-113(a)(30) is a felony under state law and contains a trafficking element, we conclude that it is an aggravated felony under the illicit trafficking route. Accordingly, we will **deny** the petition for review.