

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# Tsionaras v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2412

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tsionaras v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2412

_____

CHRISTOS TSIONARAS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A44-164-880)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MAY 7, 2008

Before:    BARRY, SMITH AND HARDIMAN, Circuit Judges

(filed: May 20, 2008 )
_____

OPINION
_____

PER CURIAM

Christos Tsionaras petitions for review of an order by the Board of Immigration

Appeals ("BIA").  For the following reasons, we will deny the petition.

Tsionaras, a native and citizen of Greece, entered the United States in March 1988

without inspection. In February 1993, Tsionaras married a U.S. citizen, Kimberly Kirby, and as a result became a conditional lawful permanent resident. After they separated, Tsionaras filed a Petition to Remove Conditions on Residence, I-751, and sought a waiver of the joint filing requirement under INA § 216 based on the pending divorce. The couple's divorce became final in 1997, and in August 1998, the United States Citizenship and Immigration Services ("USCIS") denied Tsionaras' petition and waiver because Tsionaras had not proved that the marriage was bona fide since there was no documentation of any combined financial assets or liabilities.

Tsionaras was placed into removal proceedings and charged with removability because his conditional permanent resident status had been terminated. Tsionaras again sought to have the joint filing requirement waived. A hearing was convened before an Immigration Judge ("IJ") in April 1999. After Tsionaras testified about his marriage to Kirby at the hearing, he then withdrew his petition for a waiver and instead sought, and was granted, voluntary departure. Shortly before that hearing, Tsionaras had married another U.S. citizen, Theresa Miller, and he decided to file a motion to reopen proceedings and a motion to stay removal based upon the second marriage. The IJ ultimately granted the motion to reopen to allow Tsionaras to seek adjustment of status. The second marriage to Miller ended in February 2001 and USCIS determined that his I-130 petition had automatically been revoked upon divorce. It denied his adjustment of status petition.

In 2005, USCIS moved to reopen removal proceedings against Tsionaras. Tsionaras once again petitioned to remove his conditional residence status. After another hearing on February 10, 2006, regarding Tsionaras' first marriage, the IJ denied the request under I-751 and further concluded that the marriage was fraudulent, entered "solely to obtain a green card." A single member of the BIA dismissed the appeal and denied Tsionaras' motion to remand his case so he could apply for an adjustment of status based on a third marriage to a U.S. citizen and for cancellation of removal.

In his brief in support of his petition for review, Tsionaras maintains that he is not seeking review of the denial of his I-751. Rather, he claims that he only wants the denial of his motion to remand reviewed because the BIA found that he entered a marriage for the purpose of evading immigration laws, in violation of INA § 204(c). That section provides:

> Notwithstanding the provisions of subsection (b) of this section no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

8 U.S.C. § 1154. Tsionaras argues that the BIA should have made more explicit findings that his actions had purposefully "evad[ed] the immigration laws," and that in any event the statutory bar does not apply to him.

3

At the outset, the government argues that we lack jurisdiction to review the denial of Tsionaras' motion to remand because he is essentially seeking review of the Attorney General's discretionary decision to deny his application for a waiver under INA § 216(c)(4) [8 U.S.C. § 1186a(c)(4)] . To the extent that Tsionaras seeks to go behind the denial of the waiver and examine the evidence presented to the IJ on the denial of the waiver, we cannot do so. We have previously stated that we lack jurisdiction to review such discretionary decisions under INA § 216(c)(4) involving what evidence is credible and the weight to be given that evidence. See Urena-Tavarez v. Ashcroft, 367 F.3d 154, 160 (3d Cir. 2004). Where we lack jurisdiction over the BIA's denial of the waiver, we would also lack jurisdiction to review the BIA's denial of his motion to remand to the IJ. See Martinez-Maldonado v. Gonzales, 437 F.3d 679, 683 (7th Cir. 2006) ("[W]e lack jurisdiction over motions to reopen and reconsider in cases where we lack jurisdiction to review the underlying order"); Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) (if court lacks authority to review direct petition, court lacks jurisdiction to review BIA's denial of motion to reopen).

However, it also appears that Tsionaras seeks our review of the BIA's denial of his motion to remand on the ground that the BIA should not have applied the statutory bar under INA § 204(c) to him. In other words, he has raised a question of law whether the BIA applied the correct legal standard in adjudicating his claim. See Ng v. Attorney General of the United States, 436 F.3d 392, 394-95 (3d Cir. 2006) (under the REAL ID

4

Act, courts retain jurisdiction to review "constitutional claims or questions of law" under 8 U.S.C. § 1252(a)(2)(D)). To the extent that Tsionaras raises this narrow and discrete claim, we will review it but hold that the BIA correctly applied the statutory bar under INA § 204(c).

For standard of review purposes, a motion to remand is treated as a motion to reopen where the motion has been filed while the appeal is pending. See Korytnyuk v. Ashcroft, 396 F.3d 272, 281 (3d Cir. 2005). The BIA may deny a motion to reopen where the petitioner has failed to establish a prima facie case for the relief sought. Id. at 282-83 (citing Sevoian v. Ashcroft, 290 F.3d 166, 169-70 (3d Cir. 2002)). Here, although it never explicitly said so, the BIA appears to have denied the motion on this ground. We consider whether the findings of fact are supported by substantial evidence and review the ultimate denial of the motion for an abuse of discretion. See Sevoian, 290 F.3d at 174. Under the substantial evidence standard, we uphold factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). We will uphold the denial of the motion unless it is arbitrary, irrational, or contrary to law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

The BIA reviewed the record and concluded that Tsionaras had not established the bona fides of his first marriage. In particular, it found the record did not show an intent to establish a life together, including joint property leases, income tax forms, bank accounts,

5

a period of courtship, testimony of mutual experiences, and a shared life. Indeed, the IJ had found the lack of documentation of shared experiences very significant as reflecting the intent of the parties who had entered into the marriage. Tsionaras argues that this lack of documentation is not sufficient to support a finding of fraud. But that is not all that the IJ considered in making that finding; the IJ also considered Tsionaras' credibility problems. Tsionaras' testimony concerning where he lived at certain times contradicted his answers in a previously filed green card application; he provided inconsistent dates to the immigration authorities on exactly when his marriage problems began; he admitted that he did not know his wife had a second job; and he was unfamiliar with how his wife's son was cared for when she worked all night. The finding that Tsionaras had entered the marriage to obtain a green card is supported by reasonable, substantial and probative evidence. See Tarrawally, 338 F.3d at 184. No reasonable fact finder would be compelled to disturb the finding that the marriage was not entered into in good faith. See INA § 242(b)(4)(B) [8 U.S.C. § 1252(b)(4)(B)].

Accordingly, Tsionaras' I-130 petition was not prima facie approvable because INA § 204(c) prohibits approvals of petitions by foreign nationals who have been determined by the Attorney General to have entered into a marriage for the purpose of evading the immigration laws. Considering the above lack of documentation and Tsionaras' own testimony, Tsionaras was not eligible as a beneficiary of his third wife's I-130 because he entered into his first marriage to evade immigration laws. See also 8

6

C.F.R. § 204.2(a)(1)(ii) (Director will deny a petition filed on behalf of any alien for whom there is substantial and probative evidence of an attempt or conspiracy to enter into a marriage to evade immigration laws).  The BIA did not abuse its discretion in denying the motion to remand since Tsionaras' I-130 was not approvable.

We will deny the petition for review.