**Martin Antonio MARTE, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–2436.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 29, 2009.

Opinion filed: July 30, 2009.

Timothy R. Block, Esq., Legal Services of New Jersey, Edison, NJ, for Petitioner.

Aliza B. Alyeshmerni, Esq., Richard M. Evans, Esq., Vanessa O. Lefort, Esq., Aviva L. Poczter, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Petitioner, Martin Antonio Marte, seeks review of the Board of Immigration Appeals' ("BIA") final order of removal. For the following reasons, we will deny the petition for review.

I.

Marte is a native and citizen of the Dominican Republic. Marte entered the country as a lawful permanent resident in 1986, when he was two years old. In July 2005, Marte pled guilty to possessing marijuana with the intent to distribute it within 1,000 feet of a public school, a third-degree violation of N.J. Stat. Ann. § 2C:35–7. Marte was initially sentenced to a term of three years of probation, but, after violating the conditions of his release, was later re-sentenced to three years' imprisonment.

Based on this New Jersey drug conviction, the government charged Marte with removability for violating a state law relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i). Through counsel, Marte sought relief in the form of cancellation of removal pursuant to 8 U.S.C. § 1229(a). The government opposed Marte's motion on the ground that his drug conviction rendered him ineligible for this form of relief. Immigration Judge ("IJ") Annie S. Garcy disagreed and granted Marte's application. Upon review, however, the BIA found that IJ Garcy had erred in determining that Marte was statutorily eligible for cancellation of removal under § 1229(a). Accordingly, on April 16, 2008, the BIA ordered Marte's removal. Marte now seeks review of that order.

## II.

We have jurisdiction over Marte's petition for review pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Ng v. Att'y Gen.,* 436 F.3d 392, 394 (3d Cir.2006). We exercise plenary review over Marte's legal argument that he was not convicted of an aggravated felony. *See Jeune v. Att'y Gen.,* 476 F.3d 199, 201 (3d Cir.2007).

An alien who has been convicted of an aggravated felony is ineligible for discretionary relief such as cancellation of removal. *See* 8 U.S.C. § 1229(a)(3). The Immigration and Nationality Act (the "INA") defines "aggravated felony" by reference to a lengthy list of criminal offenses such as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in § 924 of Title 18)." 8 U.S.C. § 1101(a)(43)(B). This Court has recognized two routes for determining whether a state drug conviction, for deportation purposes, constitutes an "aggravated felony." Under the first route, the "illicit trafficking" route, an offense constitutes an aggravated felony if it is a felony under the state law and contains a " 'trafficking element'—*i.e.,* it must involve 'the unlawful trading or dealing of a controlled substance.' " *Gerbier v. Holmes,* 280 F.3d 297, 305 (3d Cir.2002). Under the second route, known as the "hypothetical felony route," a drug trafficking crime may qualify as an aggravated felony if the offense—regardless of how it is characterized by the state—would be punishable as a felony under the Federal Controlled Substances Act (the "CSA"). *Id.* at 313 (3d Cir.2002). Under the CSA, a substantive drug offense is a felony if it is "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44).

To determine whether a criminal violation constitutes an "aggravated felony," we employ a "categorical" approach, "focusing on the underlying criminal statute 'rather than the alien's specific act.' " *Knapik v. Ashcroft,* 384 F.3d 84, 88 (3d Cir.2004) (quoting *DeLeon–Reynoso v. Ashcroft,* 293 F.3d 633, 635 (3d Cir.2002)). Accordingly, "we look to the elements of the statutory state offense, not to the specific facts," reading the applicable statute to ascertain the least culpable conduct necessary to sustain a conviction under the statute. *Id.* (quoting *Wilson v. Ashcroft,* 350 F.3d 377, 381 (3d Cir.2003)).

When, as here, a statute of conviction contains disjunctive elements, some of which are sufficient for conviction of the federal offense and others of which are not, we have departed from a strict categorical approach. In such a case, we will conduct a limited factual inquiry, examining the record of conviction for the narrow purpose of determining the specific subpart under which the defendant was convicted. *Singh v. Ashcroft,* 383 F.3d 144, 162 (3d Cir.2004). This is called the "modified" categorical approach. *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Evanson v. Att'y General,* 550 F.3d 284, 290–91 (3d

Cir.2008). Under this approach, the court may look to the charging document, the plea agreement, the transcript of the plea colloquy in which the defendant confirmed the factual basis for the plea, or to some comparable judicial record to determine the nature of the offense to which the defendant pled. *Shepard,* 544 U.S. at 26, 125 S.Ct. 1254.

In this case, the BIA correctly concluded that Marte's conviction for a third-degree violation of N.J. Stat. Ann. § 2C:35–7 qualifies as an aggravated felony under the "hypothetical federal felony" approach. The statute of conviction, N.J. Stat. Ann. § 2C:35–7, provides, in pertinent part:

> Any person who violates subsection a. of [N.J. Stat. Ann. § 2C:35–5] by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall, except as provided in [N.J. Stat. Ann. § 2C:35–12], be sentenced by the court to a term of imprisonment.

This conviction is analogous to 21 U.S.C. § 860, which similarly provides that:

> Any person who violates section 841(a)(1) of this title or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, ... is subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term

of supervised release authorized by section 841(b) of this title for a first offense.

Section 841(a)(1), in turn, provides that "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Penalties for such crimes are enumerated in 21 U.S.C. § 841(b), all but two of which are for terms of imprisonment of more than one year. When the terms of imprisonment for these two exceptions are enhanced under § 860, however, the terms of imprisonment for those crimes exceed one year as well. Therefore, a conviction under § 860 constitutes an "aggravated felony" within the meaning of the INA. *See* 21 U.S.C. § 802(44).

In comparing the statute of conviction with the federal analogue, it appears that, although it is a violation of § 2C:35–7 to "dispense" a controlled substance, § 860 does not include the act of "dispensing" within its prohibitions. Similarly, the state and federal statutes differ in their descriptions of school "property." However, since the elements of § 2C:35–7 are written in the disjunctive, the BIA was permitted to look beyond the statutory language and examine the record of conviction to determine the nature of the offense to which Marte actually pled. *See Shepard,* 544 U.S. at 26, 125 S.Ct. 1254; *Singh,* 383 F.3d at 162.

According to the charging document, Marte was charged with, *inter alia,* "possess[ing] a controlled dangerous substance, to wit, marijuana, with the intent to distribute same within 1,000 feet of Public School 10, contrary to the provisions of N.J.S.A. 2C:35–7." Marte pled guilty to the charge, and was subsequently sentenced to a term of three years' imprisonment. Given that there can be no question that "possession with intent to deliver" a

controlled substance "within 1,000 feet of a public school" is punishable under § 860, the BIA correctly concluded that Marte's state drug conviction constitutes an "aggravated felony" within the meaning of INA § 101(a)(43)(B).[1] Accordingly, Marte was not statutorily eligible for cancellation of removal under § 1229(a).

We have reviewed Marte's remaining arguments and conclude that they are without merit. Accordingly, we will deny the petition for review.

---

1. Marte relies on our opinion in *Wilson v. Ashcroft*, 350 F.3d 377, 382 (3d Cir.2003), to argue that the BIA was not permitted to analyze his conviction under the "modified categorical approach" because the disjunctive elements of § 2C:35–7 do not describe distinct offenses carrying separate penalties. Contrary to Marte's contention, however, this Court made clear in *Singh* that inquiry into—at the very least—the charging instrument is warranted when, as with § 2C:35–7, "some variations of the crime of conviction meet the aggravated—felony requisites and others do not." *Singh*, 383 F.3d at 162; *see also Valansi v. Ashcroft*, 278 F.3d 203, 214 (3d Cir. 2002).