**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2738
_____

KYON DANE MCDONALD,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A075-941-405)
Immigration Judge:  Tamar H. Wilson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 16, 2025
_____

Before:  CHAGARES, <u>Chief Judge</u>, MONTGOMERY-REEVES and McKEE, <u>Circuit</u>
<u>Judges</u>

(Filed:  June 18, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**CHAGARES**, <u>Chief Judge</u>.

Kyon Dane McDonald petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") determination that McDonald is removable for having been convicted of an aggravated felony. For the reasons that follow, we will deny the petition.

I.[1]

McDonald is a native and citizen of Jamaica and a lawful permanent resident of the United States. He was convicted in the Court of Common Pleas of Luzerne County, Pennsylvania, of voluntary manslaughter under the following provision:

> A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing . . . , but his belief is unreasonable.

18 Pa. Cons. Stat. § 2503(b). He was sentenced to a term of 60 to 120 months of imprisonment.

McDonald received a Notice to Appear charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony, on grounds that his conviction was related to murder and was a crime of violence. <u>See</u> 8 U.S.C. § 1101(a)(43)(A), (F). The IJ concluded that McDonald's conviction did not qualify as an aggravated felony related to murder because the statute of conviction does not include an element of malice aforethought, but did qualify as a crime of violence because it includes the use, attempted use, or threatened use of force and requires proof

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.

of specific intent to use deadly force without justification. The IJ therefore ordered McDonald's removal.

McDonald timely appealed the IJ's ruling to the BIA. He argued that, in Pennsylvania, voluntary manslaughter includes a "knowing" mens rea, bringing it outside the scope of the definition of crime of violence. The BIA rejected his claim, observing that the Supreme Court has held in an analogous context that a crime of violence encompasses "purposeful or knowing conduct," and that McDonald cited no case suggesting that Pennsylvania interprets the term "knowing" in a manner that would give rise to a categorical mismatch. Appendix ("App.") 44 (citing Borden v. United States, 593 U.S. 420, 434 (2021)). The BIA therefore affirmed the IJ's decision. This timely petition for review followed.

II.

We employ the categorical approach to determine whether a state criminal conviction qualifies as an aggravated felony under the Immigration and Nationality Act ("INA"), assessing whether the state statute applies to any conduct falling outside of the INA's definition. See Esquivel-Quintana v. Sessions, 581 U.S. 385, 389 (2017). We have jurisdiction to consider this question of law pursuant to 8 U.S.C. § 1252(a)(2)(D). See Ng v. Att'y Gen., 436 F.3d 392, 394 (3d Cir. 2006). Our review is plenary. Id. at 395.

The INA defines "aggravated felony" as, among other things, a "crime of violence

3

. . . for which the term of imprisonment [is] at least one year."[2]  8 U.S.C. § 1101(a)(43)(F).  Congress, in turn, has defined "crime of violence" to mean "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a); see also Francis v. Reno, 269 F.3d 162, 166 (3d Cir. 2001).

McDonald claims, as he did before the BIA, that his Pennsylvania voluntary manslaughter conviction applies to conduct outside of the INA's aggravated felony definition because it may be committed "knowingly."  See 18 Pa. Cons. Stat. § 2503(b). He argues that "knowingly" is a lesser mens rea than "intentionally," which means that the crime may be committed without specific intent and therefore is not categorically a crime of violence.  He relies on Commonwealth v. Biesecker, in which the Superior Court of Pennsylvania recognized that there is a "significant difference between the[] two mental states" of knowing and intending.  161 A.3d 321, 327 (Pa. Super. Ct. 2017) (citing 18 Pa. Cons. Stat. § 302(b) (defining levels of culpability under Pennsylvania law)).

Differences between the mental states of knowing and intending is of little moment, however, because the Supreme Court has held that both mental states are sufficiently culpable for purposes of a crime of violence.  In Borden, the Supreme Court recognized in the analogous context of the Armed Career Criminal Act that "[p]urpose and knowledge are the most culpable levels in the criminal law's mental-state 'hierarchy,'" and there is only a limited, often unimportant, distinction between the two.

---

[2] It is undisputed that McDonald's conviction is a felony for which the term of imprisonment is at least one year.

593 U.S. at 426. In contrast to the lesser mental states of negligence and recklessness, both purpose and knowledge satisfy the crime of violence definition. Id. at 434; see also United States v. Henderson, 80 F.4th 207, 213 (3d Cir. 2023) (observing that, to be a "crime of violence," the offense must be committed "with a knowing or intentional state of mind"). We agree with the BIA that Borden applies in the INA context, and we determine that its reasoning is conclusive. The fact that Pennsylvania voluntary manslaughter can be committed "knowingly" does not bring it outside of the definition of a crime of violence.

We are also unpersuaded by McDonald's claim that voluntary manslaughter is a general intent crime. The Supreme Court of Pennsylvania has observed that a necessary element of voluntary manslaughter is the specific intent to kill. Commonwealth v. Pitts, 404 A.2d 1305, 1308 (Pa. 1979) (quoting Commonwealth v. Mason, 378 A.3d 807, 808 (Pa. 1977)). McDonald has not directed us to any contrary Pennsylvania authority holding that voluntary manslaughter may be committed in the absence of specific intent.

McDonald's crime of conviction includes as an element the use, attempted use, or threatened use of physical force against the person or property of another. Its inclusion of a "knowing" mens rea places the conviction squarely within the definition of a "crime of violence" under the INA and does not indicate that the crime may be committed without specific intent. McDonald therefore has failed to show that he was not convicted of a crime of violence.

## III.

For the foregoing reasons, we will deny the petition for review.

5