**Marlan Keoma CHUNO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–1485.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 2, 2007.

Filed Oct. 9, 2007.

Marlan Keoma Chuno, South Kearny, NJ, pro se.

Richard M. Evans, Susan K. Houser, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Marlan Chuno, a native and citizen of Guyana, entered the United States as a legal permanent resident in 1998. In January 2005, Chuno pleaded guilty to third degree rape in New York. The Department of Homeland Security ("DHS") subsequently issued a Notice to Appear and sought to remove him under INA § 237(a)(2)(A)(iii), which makes an alien removable if he or she is convicted of an "aggravated felony" at any time after admission. "Aggravated felony," defined in INA § 101(a)(43), includes "sexual abuse of a minor."

At a hearing before an Immigration Judge ("IJ"), Chuno, represented by counsel, conceded removability but sought deferral of removal under the Convention Against Torture ("CAT"). The IJ concluded that it is not more likely than not that Chuno would be tortured, and that it is not even certain that he will be apprehended by police. On appeal to the Board of Immigration Appeals ("BIA"), Chuno appealed the IJ's finding on the CAT claim, and he added a claim that his conviction for statutory rape did not qualify as an aggravated felony. A single member of the BIA concluded that Chuno had committed an aggravated felony and rejected his argument that the victim consented to sex because consent is not a defense to statutory rape. The BIA likewise rejected his CAT claim and noted that Chuno would not qualify for asylum or withholding of removal.

Chuno filed a petition for review and motion for a stay of removal. This Court has already denied the motion for a stay of removal. We will also deny the petition for review for the reasons set forth below.

We have jurisdiction to review constitutional claims and questions of law raised in a petition for review filed by an alien being removed for an aggravated felony conviction. *See* 8 U.S.C. § 1252(a)(2)(D); *Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir.2005). Our review of the question of whether an offense qualifies as an aggravated felony is plenary. *See Ng v. Atty. Gen. of the U.S.*, 436 F.3d 392, 395 (3d Cir.2006).

Chuno argues that his conviction under N.Y. Penal Law § 130.25 does not qualify as "sexual abuse of a minor" under INA § 101(a)(43)(A). He also argues that he is actually innocent of the charge and that the victim consented to the relationship. None of these grounds is persuasive, however.

Ordinarily we may look only to the statutory definition of the offense, and we cannot consider the particular facts underlying a conviction when determining whether a conviction constitutes an aggravated felony. *See Singh v. Ashcroft*, 383

F.3d 144, 147–48 (3d Cir.2004). We may look beyond the statute if the enumerating statute (in this case, 8 U.S.C. § 1101(a)(43)(A)), or the criminal statute of conviction (here, N.Y. Penal Law § 130.25) "invite further inquiry into the facts." *Stubbs v. Attorney General of the U.S.,* 452 F.3d 251, 254 (3d Cir.2006). This Court has determined that the enumerating statute here, 8 U.S.C. § 1101(a)(43)(A), does not invite further inquiry into the facts. *See id.; Singh,* 383 F.3d at 164. As for whether the criminal statute of conviction "invites further inquiry," it is appropriate to look beyond the statute where it is phrased in the disjunctive. *Id.* at 162–63; *see also Valansi v. Ashcroft,* 278 F.3d 203, 214 (3d Cir.2002) (examining underlying facts where "some, but not all" convictions under statute would qualify as aggravated felony); *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Here, Chuno was convicted of N.Y. Penal Law § 130.25, a class E felony, which provides:

> A person is guilty of rape in the third degree when: (1.) He or she engages in sexual intercourse with another person who is incapable of consent by reason of some factor other than being less than seventeen years old; (2.) Being twenty-one years old or more, he or she engages in sexual intercourse with another person less than seventeen years old; or (3.) He or she engages in sexual intercourse with another person without such person's consent where such lack of consent is by reason of some factor other than incapacity to consent.

N.Y. Penal Law § 130.25. Because the statute is phrased in the disjunctive and some but not all convictions under it would constitute an aggravated felony for "sexual abuse of a minor," we are permitted to look beyond the face of the statute to the charging instrument and statements at the plea colloquy. *See Valansi,* 278 F.3d at 214. We disagree with the BIA's conclusory determination that the statute is clear and not overbroad such that further inquiry is not necessary. After examining the charging instrument and the plea colloquy, however, we are satisfied that Chuno's conviction qualifies as an aggravated felony for "sexual abuse of a minor."

According to the documents included in the administrative record, the prosecution charged that Chuno, a male 21 years or older, had intercourse with a girl younger than 17 years old. At the plea colloquy, Chuno admitted that he, a male 21 years or more had sexual intercourse with a girl who was less than 17 years old. (A.R. at 168–69.) At his immigration hearing, Chuno admitted that the girl involved was 13 or 14 years of age. (A.R. at 105.)

The phrase "sexual abuse of a minor" is not explicitly defined in the statute. In interpreting "sexual abuse of a minor" the BIA has utilized 18 U.S.C. § 3509(a)'s definition of "sexual abuse" of a child and the definition from Black's Law Dictionary for "sexual abuse." *See Matter of Rodriguez–Rodriguez,* 22 I & N Dec. 991 (BIA 1999). Section 3509(a) applies to intercourse with children under 18. In this case, however, the BIA neither engaged in a lengthy analysis of statutory rape as "sexual abuse of a minor" nor did it reference *Rodriguez.* We agree, however, that the conviction in this case, intercourse by a person 21 years or older with a child 13 or 14 years old, qualifies as sexual abuse of a minor. *See Mugalli v. Ashcroft,* 258 F.3d 52, 61 (2d Cir.2001) (conviction for statutory rape under N.Y. Penal Law § 130.25 qualifies as "sexual abuse of a minor," finding the BIA's definition in *Rodriguez* to be reason-

able).[1]

Chuno argues that he is actually innocent because there was no sexual penetration. It does not appear that Chuno argued this point below, and we will not address this unexhausted claim.[2] Furthermore, Chuno's contention that he is still challenging his conviction in the state courts (and thus his conviction would not be final) does not appear to be exhausted, either. The Court has jurisdiction to review claims only where the alien has exhausted his administrative remedies as of right. *See* 8 U.S.C. § 1252(d)(1); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003) (§ 1252(d)(1) is jurisdictional).

As for Chuno's argument that his victim consented to the relationship and that that shields him from liability as an aggravated felon, this argument fails because consent is not a defense to statutory rape. Chuno relies on cases from other circuits that have determined that statutory rape does not qualify as an aggravated felony where the victim is an older adolescent and there is not *actual* (as opposed to legal) nonconsent, but those cases address whether statutory rape is a "crime of violence" under § 16(b), *see* INA § 101(a)(43)(F), not whether it constitutes "sexual abuse of a minor" under INA § 101(a)(43)(A).

Chuno did not discuss the denial of his CAT claim in his brief on appeal, and the

government has argued that he waived the issue. Chuno mentioned it in his petition for review, however. In any event, we conclude that the BIA committed no legal or constitutional errors in the review of Chuno's CAT claim. *See Singh v. Gonzales*, 432 F.3d 533, 537–38 (3d Cir.2006). His assertions that the prisons in Guyana are overcrowded and people are treated inhumanely is not sufficient to establish a CAT claim. *See Lavira v. Attorney General*, 478 F.3d 158, 168–69 (3d Cir.2007).

We will deny the petition for review.

---

1. Chuno asserts that the Supreme Court's decision in *Lopez v. Gonzales*, —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), directly impacts his case. It does not. In *Lopez*, the Supreme Court considered whether a state felony drug conviction that constitutes a misdemeanor under the Controlled Substances Act ("CSA") would constitute an aggravated felony. Chuno's case is obviously not one controlled by the provisions of the CSA.

2. Notably, in his motion for a stay of removal, Chuno claimed that: the relationship with the victim was consensual, that the victim lied

about her age, that she provided a fake ID to him, that the charges were filed only after a friend of the victim's family blackmailed him, and that the victim and her mother attempted to drop the charges and signed a sworn declaration that nothing occurred between Chuno and the victim. Further, in the administrative record, Chuno's attorney submitted an affidavit in support of his motion to withdraw his guilty plea stating that the victim and Chuno had a romantic relationship. (A.R. at 150.)