# United States Court of Appeals
## For the First Circuit

_____

No. 98-2055

WILTON K. ALMON,

Plaintiff, Appellee,

v.

JANET RENO, ET AL.,

Defendants, Appellants.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, <u>U.S. District Judge</u>]

_____

Before

Torruella, <u>Chief Judge</u>,

Hill[*] and Cyr, <u>Senior Circuit Judges</u>.

_____

<u>Alison Marie Igoe</u>, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, <u>David W. Ogden</u>, Acting Assistant Attorney General, U.S. Department of Justice, Civil Division, and <u>Christopher C. Fuller</u>, Senior Litigation Counsel, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, on supplemental brief for appellants.
<u>Randy Olen</u> on supplemental brief for appellee.

_____

[*]  Of the Eleventh Circuit, sitting by designation.

_____

May 31. 2000
_____

**TORRUELLA, Chief Judge.** This opinion resolves all remaining issues related to the petition for writ of habeas corpus filed by Wilton K. Almon on June 19, 1998. Almon was charged by the Immigration and Naturalization Service ("INS") as deportable as an aggravated felon pursuant to § 241(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). See 8 U.S.C. § 1251(a)(2)(A)(iii).[1] The charge of deportability was based on three convictions: (1) a September 16, 1996 conviction for breaking and entering a dwelling;[2] (2) a January 9, 1995 conviction for possession of a stolen motor vehicle; and (3) a January 9, 1995 conviction for assault with a dangerous weapon. All of Almon's convictions were the result of guilty pleas.

Because Almon entered immigration proceedings after April 24, 1996, he was deemed ineligible for a § 212(c) waiver of deportation by operation of § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1277 (1996). The district court granted Almon's petition for a writ of habeas corpus. See Almon v. Reno, 13 F. Supp. 2d 143, 147 (D. Mass. 1998). It held that the application of AEDPA would violate Almon's right to equal protection by irrationally denying him eligibility for

---

[1] This provision has been recodified at 8 U.S.C. § 1227(a)(2)(A)(iii).

[2] The Order to Show Cause issued by the INS misstates this offense as "breaking with felonious intent." The record shows that Almon was charged under R.I. Gen. Laws § 11-8-2, Unlawful Breaking and Entering of a Dwelling House.

§ 212(c) relief because he was in deportation proceedings when that same relief was available to aliens in exclusion proceedings. See id. at 145. On appeal, we came to the contrary conclusion that AEDPA's restriction of relief for criminal aliens in deportation proceedings furthered Congress's "legitimate legislative goal of expediting the deportation of criminal aliens currently residing within our borders." Almon v. Reno, 192 F.3d 28, 32 (1st Cir. 1999). Accordingly, on September 21, 1999, we issued an opinion reversing the district court's grant of the petition for a writ of habeas corpus. See id.

After we denied Almon's petition for rehearing, he requested that we remand the case to the district court for resolution of his alternative claim that the retroactive application of § 440(d) of AEDPA to his case violated his constitutional right to due process. At the time, we had not yet resolved whether AEDPA's ban on § 212 waivers applies to aliens with pre-AEDPA convictions. See Wallace v. Reno, 194 F.3d 279, 287 (1st Cir. 1999). Viewing the matter as a question of law, we retained jurisdiction and permitted the parties to brief the remaining issues of (1) whether Almon's September 1996 conviction qualifies as an aggravated felony for purposes of INA § 241(a)(2)(A)(iii) and (2) if not, whether § 440(d) of AEDPA should be applied to Almon's pre-AEDPA convictions.

In the interim, however, this Court issued an opinion that addressed the precise issue of the applicability of AEDPA's ban on §

-4-

212(c) waivers to pre-AEDPA convictions.  In Mattis v. Reno, No. 99-1429, 2000 WL 554957, at *6 (1st. Cir. May 8, 2000), we held that "§ 212(c) relief continues to be available for deportable aliens whose requisite criminal convictions pre-dated AEDPA, if, and only if, the alien actually and reasonably relied on the availability of § 212(c) relief when he pled guilty to or did not contest the criminal charges."  Further, we held that "questions of whether there was actual reliance and whether it was reasonable are questions of fact to be resolved by the IJ [Immigration Judge]."  Id. at *8.

There is no dispute that Almon's 1995 conviction for assault with a dangerous weapon qualifies as a "crime of violence" under 18 U.S.C. § 16 and, therefore, that it is an aggravated felony under the INA.[3] Thus, the only issue before this Court is whether Almon actually

---

[3] Almon was sentenced to four years in prison after he was convicted of assault with a dangerous weapon in violation of R.I Gen. Laws § 11-5-2.  Effective September 30, 1996, the definition of aggravated felony was amended to include "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment imposed regardless of any suspension of imprisonment is at least one year." INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) (Supp. II 1997).  Under title 18 of the Federal Criminal Code, a "crime of violence" refers to:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

and reasonably relied on the potential eligibility for § 212(c) relief when he entered his plea. See id. at *6.

We find Mattis instructive. There, we considered the appeal of an alien who had been deemed deportable based on five convictions, all of which qualified as either aggravated felonies or controlled substance offenses. His application for § 212(c) relief was denied due to his pre-AEDPA aggravated felony convictions. See id. at *2. Although we created a new rule providing that an alien may be eligible for § 212(c) relief under certain circumstances, we declined to remand Mattis's case to the INS for further findings. We concluded that no injustice to Mattis would result because (1) he waived his claim by failing to raise it before the Board of Immigration Appeals or the district court, and (2) there was nothing in the record to suggest that Mattis had a colorable claim of actual and reasonable reliance. See id. at *9.

The second rationale is applicable to the facts herein. Any claim that Almon actually and reasonably relied on the availability of § 212(c) relief is untenable when one considers that he pleaded guilty to three crimes in less than two years, at least two of which are arguably aggravated felonies. As we recognized in Mattis, "[w]ith each succeeding guilty plea . . . any argument that the plea was in actual reliance on the availability of § 212(c) relief becomes more and more

18 U.S.C. § 16.

-6-

tenuous." Id. Not only is it less believable with each guilty plea that Almon in fact relied on his potential eligibility for relief from deportation, but reliance under these circumstances would have been unreasonable. Moreover, conspicuously absent from Almon's supplemental brief is any contention that he actually relied on his potential eligibility for § 212(c) relief when he entered his pleas.

Because we have no reason to conclude that Almon has a "colorable claim of actual and reasonable reliance of the sort we recognized by our new rule," we hold that § 440(d) of AEDPA bars § 212(c) relief in this case. Id. As the existence of Almon's aggravated felony conviction for assault with a dangerous weapon adequately supports the BIA's decision to dismiss petitioner's appeal because he was ineligible for § 212(c) relief, we need not resolve whether Almon's September 1996 conviction constitutes an additional aggravated felony.

## CONCLUSION

We deny the petitioner's request to remand the case to the district court and we vacate the stay of deportation.

**SO ORDERED**.