**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SUNIL PRAKASH,
                *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
              *Respondent.*

No. 07-72831

Agency No.
A075-192-150

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
July 15, 2009—San Francisco, California

Filed August 26, 2009

Before: Barry G. Silverman, Richard R. Clifton, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Clifton

11787

## COUNSEL

Robert B. Jobe (argued) and Sara E. Coppin, Law Office of Robert B. Jobe, San Francisco, California, for the petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Anthony C. Payne, Senior Litigation Counsel; and

Jesse M. Bless (argued), Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

**OPINION**

CLIFTON, Circuit Judge:

This petition for review presents the question of whether convictions for solicitation to commit rape by force, in violation of California Penal Code § 653f(c), and solicitation to commit assault by means of force likely to produce great bodily injury, in violation of California Penal Code § 653f(a), constitute crimes of violence under 8 U.S.C. § 1101(a)(43)(F) for immigration law purposes. We hold that they do. Accordingly, we dismiss the petition for review.

**I. Background**

Sunil Prakash is a native and citizen of Fiji who became a lawful permanent resident of the United States in 1997. In 2004, Prakash was charged with two felony violations of California Penal Code § 653f. Count 1 charged Prakash with soliciting another to commit and join in the commission of assault by means of force likely to produce great bodily injury with the intent that the crime be committed, in violation of California Penal Code § 653f(a). Count 2 charged Prakash with soliciting another to commit rape by force and violence with the intent that the crime be committed, in violation of California Penal Code § 653f(c). After he pled *nolo contendere*, Prakash was convicted of the crimes charged and sentenced to serve two years in prison.

Prakash was thereafter placed in removal proceedings. Based on the solicitation convictions, he was charged with the commission of an aggravated felony, specifically a crime of

violence for which the term of imprisonment was at least one year. Prakash disputed the charge, contending that solicitation offenses do not fall within the meaning of "crime of violence."

The immigration judge disagreed with Prakash and ordered his removal from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). He held that Prakash's convictions constituted crimes of violence because "soliciting a person to assault and rape another person involves a substantial risk that physical force may be used against the person or property of another in the course of committing the offense."

The Board of Immigration Appeals affirmed that decision, holding that Prakash's crimes "by their nature involve a substantial risk that force will be used 'in the course' of committing them."

Prakash timely petitioned this court for review of the BIA's decision.

## II.    Jurisdiction and Standard of Review

Under 8 U.S.C. § 1252(a)(2)(C), this court does not have jurisdiction to review the removal of aliens who are removable by reason of having committed an aggravated felony. However, we retain jurisdiction over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). We have jurisdiction over a case sufficient to determine whether we have jurisdiction. *See, e.g.*, *Tall v. Mukasey*, 517 F.3d 1115, 1119 (9th Cir. 2008). We also have jurisdiction to determine as a matter of law whether a conviction constitutes an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). *See, e.g.*, *Ngaeth v. Mukasey*, 545 F.3d 796, 800 (9th Cir. 2008); *Mandujano-Real v. Mukasey*, 526 F.3d 585, 588 (9th Cir. 2008); *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 872 (9th Cir. 2008).

We review this legal question de novo. *See, e.g.*, *Mandujano-Real*, 526 F.3d at 588; *Vizcarra-Ayala*, 514 F.3d at 873.

## III. Discussion

**[1]** The term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43), a provision with a long list of subsections, (A)-(U), each of which identifies an offense or activity that qualifies as an aggravated felony. The subsection primarily at issue here is (F): "a crime of violence (as defined in section 16 of Title 18, [United States Code,] but not including a purely political offense) for which the term of imprisonment [is] at least one year." In 18 U.S.C. § 16, the term "crime of violence" is defined as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Prakash was convicted under California Penal Code §§ 653f(a) and 653f(c). These provisions state, in relevant part:

(a) Every person who, with the intent that the crime be committed, solicits another . . . to commit or join in the commission of . . . assault . . . by means of force likely to produce great bodily injury . . . shall be punished by imprisonment . . . .

(c) Every person who, with the intent that the crime be committed, solicits another to commit rape by

force or violence . . . shall be punished by imprison-
ment . . . .

Under California law, the violent act of rape or assault by
force does not actually have to occur before a defendant can
be held guilty of solicitation:

> [Solicitation] is complete once the verbal request is
> made with the requisite criminal intent . . . . Thus,
> solicitation does not require the defendant to under-
> take any direct, unequivocal act towards committing
> the target crime; it is completed by the solicitation
> itself, whether or not the object of the solicitation is
> ever achieved, any steps are even taken towards
> accomplishing it, or the person solicited immediately
> rejects it.

*People v. Wilson*, 114 P.3d 758, 771 (Cal. 2005) (internal
quotation marks omitted).

**[2]** Because neither of the offenses for which Prakash was
convicted include as an element the actual "use, attempted
use, or threatened use of physical force against the person or
property of another," his convictions do not constitute crimes
of violence under 18 U.S.C. § 16(a), quoted above. The issue
is whether they fall within the definition in § 16(b). Prakash
makes several arguments supporting his position that they do
not.

One of his arguments is based upon the language of
§ 16(b). Prakash does not deny that the crimes of which he
was convicted entailed "a substantial risk that physical force
against the person or property of another may be used." His
convictions required that he had the specific intent that the
crimes of rape and assault be committed. Focusing on the last
few words of § 16(b), however, he contends that the crimes
did not involve a substantial risk that physical force may be
used "in the course of committing the offense," because solic-

itation could be committed with the mere utterance of words and any actual force would not come until sometime later, after the solicitation offense had been completed.

**[3]** The Third Circuit rejected a somewhat similar argument in *Ng v. Attorney General*, 436 F.3d 392 (3d Cir. 2006). In that case, the Third Circuit held that solicitation to commit murder, in violation of a federal statute proscribing the use of interstate commerce facilities in the commission of a murder-for-hire, was a crime of violence for immigration purposes because "the natural consequence" of such an act "is that physical force will be used upon another." *Id.* at 397. The court found it irrelevant that the person Ng solicited was a government informant who had no intent to commit the crime — such that there was no actual risk in that instance that force would be applied — because it concluded that the act of solicitation of murder "poses a substantial risk that physical force will be used against another," regardless of whether the actual use of force ever occurs. *Id.*

**[4]** We similarly hold that solicitation to commit rape and assault are crimes of violence, even if the actual violence may occur after the solicitation itself. Section 16(b) turns on the risk of physical force as a consequence of the criminal conduct at issue, not on the timing of the force. The risk of violence is created and exists from the time of the solicitation. That the crime of solicitation can be committed without the use of force and before any actual force is used does not diminish the substantial risk of violence that solicitation of rape and assault inherently presents.

The words in the statute "in the course of committing the offense" require a causal link between the crime and the physical force — a substantial risk, in this case, that the solicitation of rape and of assault will lead to violence. Those words do not impose a chronological limitation. It is the risk of violence flowing from a given crime that this statute is concerned with, not necessarily when in a chronological sequence the

violence occurs. Prakash has not identified any logical reason why violence that might take place a few minutes, hours, or even days after the solicitation to commit rape or assault has been committed should be disregarded, or why the statute should be interpreted in that fashion. We see no reason to do so.

The interpretation of the phrase "in the course of committing the offense" as a chronological limitation does not make sense in the context of determining whether a given crime is a "crime of violence." The discussion by the California Supreme Court in *People v. Wilson*, quoted above, for example, arose within a discussion of what action was required for a defendant to commit the crime of solicitation of murder. That is an entirely different question.

Moreover, that a crime may be committed by a point in time sufficient to hold the offender guilty of a crime does not necessarily mean that the course of committing the crime has ended at that moment. A criminal conspiracy might extend for months or even years beyond the point at which two parties make an agreement and commit an overt act sufficient to make them guilty of the criminal offense of conspiracy. What happens later is still part of the course of the conspiracy. Similarly, for the purpose of determining whether the offense of solicitation is a crime of violence, whether there is a substantial risk that physical force will be used in the course of committing the offense properly extends to the intended result of the solicitation.

Our conclusion that solicitation of rape and assault are crimes of violence is supported by our decision in *United States v. Cox*, 74 F.3d 189 (9th Cir. 1996). In that case we faced the question of whether solicitation to commit murder is a crime of violence as defined by United States Sentencing Guidelines § 4B1.2. There, as here, it was argued that the crime of solicitation is committed by simply communicating a request to commit the underlying offense and therefore

could not qualify as a crime of violence. *Id.* at 190. We rejected the defendant's argument, holding that "[t]o ask someone to murder your wife for money involves a high degree of threat of physical force against one's wife." *Id.* That is true about solicitation to commit rape and assault as well.

Prakash presents another argument, based on cases involving controlled substances in which we concluded that solicitation to commit certain drug offenses did not qualify as aggravated felonies. *See, e.g.*, *United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc) (holding California conviction for transporting, importing, selling, furnishing, administering, or giving away marijuana, or offering to do so, is not an "aggravated felony" for sentencing purposes because statute includes solicitation), *superseded on other grounds as noted in United States v. Narvaez-Gomez*, 489 F.3d 970, 977 (9th Cir. 2007); *Leyva-Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999) (holding Arizona conviction for solicitation to possess marijuana for sale is not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B)); *cf. Coronado-Durazo v. INS*, 123 F.3d 1322, 1324-25 (9th Cir. 1997) (holding Arizona conviction for solicitation to possess cocaine is not a conviction for violation of a law "relating to a controlled substance" within meaning of federal deportation statute).

These cases are distinguishable. In *Leyva-Licea*, we examined whether solicitation to possess marijuana for sale was an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). 187 F.3d at 1150. That section of the statute defines "aggravated felony" to include any "drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c) of Title 18, in turn, defines a "drug trafficking crime" to include any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* The Controlled Substances Act explicitly covers attempt and conspiracy, but does not mention solicitation. *Leyva-Licea*, 187 F.3d at 1150. Guided by the principle that "where a statute listed some generic offenses but omitted oth-

ers, the statute covered only the generic offenses expressly listed," and "observing that the Controlled Substances Act neither mentions solicitation nor contains any broad catch-all provision that could even arguably be read to cover solicitation," we held that solicitation to possess marijuana for sale was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *Id.* In *Rivera-Sanchez*, we applied the same reasoning to hold that a conviction under a California statute that included solicitation offenses in the context of marijuana trafficking did not categorically qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). 247 F.3d at 909. Similarly, we held in *Coronado-Durazo* that because 8 U.S.C. § 1227(a)(2)(B)(I) (formerly 8 U.S.C. § 1251(a)(2)(B)(I)) specifically included a reference to "conspiracy" and "attempt" to violate any law relating to a controlled substance, but was silent as to solicitation, the alien's conviction for solicitation to possess cocaine under an Arizona solicitation statute was not a conviction for a violation of a law "relating to a controlled substance" within the meaning of § 1227(a)(2)(B)(I). 123 F.3d at 1324.

**[5]** The statute that concerns us in this case, 18 U.S.C. § 16(b), does not itself contain a provision listing some inchoate crimes, such as attempt and conspiracy, to the exclusion of others. The legal principle that led to the results in these controlled substances cases does not apply here.

Prakash attempts to find an analogous provision limiting the inchoate crimes that qualify as "crimes of violence" in a different subsection of the definitional statute. He argues that a solicitation offense can never qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43) because it cannot fit within the last subsection, subsection (U). Following 20 other subsections, (A)-(T), listing specific offenses or actions deemed to constitute crimes of violence, subsection (U) adds to the list "an attempt or conspiracy to commit an offense described in this paragraph." Prakash contends that by expressly including the inchoate offenses of attempt and conspiracy in

§ 1101(a)(43)(U), Congress intentionally excluded solicitation from the definition of an aggravated felony under the subsections that come before, § 1101(a)(43)(A)-(T). He further argues that interpreting § 1101(a)(43)(F) to include inchoate offenses allows courts to circumvent § 1101(a)(43)(U), rendering that provision a nullity. We disagree.

**[6]** There is no reason to conclude that the existence of subsection (U) forces courts to analyze inchoate offenses only under that provision. Each subsection of § 1101(a)(43) provides an independent basis for determining what qualifies as an aggravated felony. *See, e.g.*, *Leyva-Licea*, 187 F.3d at 1150 (examining whether solicitation to possess marijuana for sale is an aggravated felony under § 1101(a)(43)(B)); *Ramsey v. INS*, 55 F.3d 580, 583 n.5 (11th Cir. 1995) (holding that although § 1101(a)(43)(U) was not added to the statute until after petitioner's conviction, his conviction for attempted lewd assault still was an aggravated felony because it was a "crime of violence" under § 1101(a)(43)(F)). As in *Ramsey*, Prakash's crimes each qualify as a "crime of violence" under subsection 43(F). That they are not covered within subsection 43(U) does not matter, just as it does not matter that they are not covered within subsection 43(A) (murder, rape, or sexual abuse of a minor), subsection 43(B) (illicit trafficking in a controlled substance), or any other subsection of that statute. One is enough.

**[7]** Prakash also contends that Congress must not have intended for the offense of solicitation of a crime of violence to be deemed an aggravated felony because "solicitation to commit a crime of violence" is a separate and distinct crime under the federal code, and it is not included in the list of crimes in 8 U.S.C. § 1101(a)(43) that constitute aggravated felonies. Prakash contends in particular that by referring in § 1101(a)(43)(F) only to 18 U.S.C. § 16 (the definition of "crime of violence" quoted above), Congress meant to exclude solicitation of a crime of violence from the definition of "aggravated felony." We are not persuaded. The federal

criminal solicitation offense referred to is contained in 18 U.S.C. § 373:

> (a) Whoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be imprisoned . . . .

18 U.S.C. § 373 parallels the language of 18 U.S.C. § 16(a), the first of the two subsections defining "crime of violence," but it does not cover what is contained in the second subsection, 18 U.S.C. § 16(b), regarding felonies which by their nature entail a substantial risk of physical force. Congress has clearly specified in § 16(b) that such felonies are crimes of violence. That Congress may have decided that solicitation of § 16(b) conduct should not be a separate criminal offense under the federal code does not permit us to disregard § 16(b) in the context of the immigration statute. Indeed, in light of the more expansive definition contained in § 16(b), Congress may have reasoned it would be redundant to include the federal offense of solicitation of a crime of violence from 18 U.S.C. § 373 within the list of aggravated felonies, including within § 1101(a)(43)(F). We need not be concerned with that, however. It is enough for our purposes that Prakash's crimes constituted crimes of violence under § 16(b).

## IV.    Conclusion

**[8]** We conclude that solicitation to commit rape by force and solicitation to commit assault by means of force likely to produce great bodily injury are crimes of violence under 8 U.S.C. § 1101(a)(43)(F), and are therefore aggravated felonies rendering an alien subject to removal under 8 U.S.C.

§ 1227(a)(2)(A)(iii). That conclusion also means that we lack jurisdiction of Prakash's petition under 8 U.S.C. § 1252(a)(2)(C), as noted above. As is often true in immigration cases, the same legal issue governs both the merits of petitioner's claim and our jurisdiction over it. In this case, because we lack jurisdiction, we dismiss the petition.

PETITION DISMISSED.