# Matter of Luis Manuel GUERRERO, Respondent

*Decided November 9, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Because solicitation to commit a "crime of violence" is itself a crime of violence under 18 U.S.C. § 16(b) (2006), a felony conviction for solicitation to commit assault with a dangerous weapon in violation of section 11-1-9 of the General Laws of Rhode Island is for a crime of violence and therefore an aggravated felony under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (2006), where a sentence of 1 year or more has been imposed.

(2)  The offense of solicitation is not an aggravated felony under section 101(a)(43)(U) of the Act because it is not an attempt or conspiracy.

FOR RESPONDENT:  Damon M. D'Ambrosio, Esquire, Johnston, Rhode Island

BEFORE:  Board Panel:  PAULEY, GREER, and MULLANE, Board Members.

PAULEY, Board Member:

In a decision dated May 12, 2011, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony.  The respondent has appealed from that decision.  The appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident on or about May 12, 1980.  He was convicted on September 10, 2009, of criminal solicitation in violation of section 11-1-9 of the General Laws of Rhode Island. According to the record of conviction, the respondent entered a plea of nolo contendere to count 1 of the criminal information, which charged that he "solicit[ed] [another individual] to commit the crime of assault with a dangerous weapon."  He was sentenced to a 10-year term of imprisonment but received credit for 2 years of time served, with the remaining 8 years

suspended.  He was also placed on probation for 8 years, ordered to have no contact with the victim, and assessed $450.

Based on this conviction, removal proceedings were initiated against the respondent, charging that he is removable as an alien convicted of an aggravated felony.  Specifically, the Department of Homeland Security ("DHS") asserted that the respondent's criminal solicitation offense is an aggravated felony under sections 101(a)(43)(F) and (U) of the Act, 8 U.S.C. §§ 1101(a)(43)(F) and (U) (2006), that is, it qualifies as a crime of violence for which the term of imprisonment is at least 1 year and as an attempt or conspiracy to commit an offense defined as an aggravated felony in the Act.[1]  The respondent filed a motion to terminate the proceedings, arguing that his crime did not qualify as an aggravated felony.  The Immigration Judge denied the respondent's motion to terminate and found him removable as charged.

## II.  ISSUE

On appeal, the respondent contends that the Immigration Judge erred in concluding that his criminal solicitation offense is an aggravated felony.  We agree that solicitation is not an aggravated felony under section 101(a)(43)(U) of the Act, which includes within the aggravated felony definition "an attempt or conspiracy to commit" an aggravated felony offense described in the Act.  Solicitation is different from attempt and conspiracy and is not covered under this section.  *See generally Matter of Vo*, 25 I&N Dec. 426 (BIA 2011).  Therefore, the only issue before us is whether the respondent's conviction for solicitation to commit assault with a dangerous weapon is for a crime of violence under 18 U.S.C. § 16 (2006).  We review this question of law de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2011).

## III.  APPLICABLE LAW

The term "crime of violence" is defined in 18 U.S.C. § 16 as follows:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[1]  The Notice to Appear (Form I-862) charged that the respondent's conviction was for an aggravated felony under section 101(a)(43)(U) of the Act.  The DHS subsequently lodged an additional charge under section 101(a)(43)(F) based on the same solicitation conviction.

Section 11-1-9 of the General Laws of Rhode Island provides:

Soliciting another to commit a crime

Every person who solicits another to commit or join in the commission of a felony under the laws of this state shall be guilty of a felony and upon conviction shall be subject to the same fine and imprisonment as pertain to the offense which the person did solicit another to commit, provided that imprisonment for the solicitation shall not exceed ten (10) years.

Section 11-5-2(a) of the General Laws of Rhode Island provides:

Felony assault

Every person who shall make an assault or battery, or both, with a dangerous weapon, or with acid or other dangerous substance, or by fire, or an assault or battery which results in serious bodily injury, shall be punished by imprisonment for not more than twenty (20) years.

## IV.  ANALYSIS

To determine whether an offense constitutes a "crime of violence," the United States Court of Appeals for the First Circuit, in whose jurisdiction this case arises, employs a two-step categorical approach.  *See United States v. Herrick*, 545 F.3d 53, 56 (1st Cir. 2008); *see also United States v. Richards*, 456 F.3d 260, 262-63 (1st Cir. 2006) (citing *Taylor v. United States*, 495 U.S. 575, 600-02 (1990)) (discussing the term "violent felony" in the Armed Career Criminal Act).  Pursuant to the first step, if a violation of the statute necessarily involves every element of a crime of violence, the conviction itself establishes that the offense is a crime of violence.  *See United States v. Herrick*, 545 F.3d at 56.

Under section 11-1-9 of the General Laws of Rhode Island, an offense may be committed through the solicitation of *any* "felony."  Where, as here, the statute of conviction is broad enough to encompass both acts that would constitute a "crime of violence" and those that would not, we must apply the second step of the categorical approach.  *See United States v. Herrick*, 545 F.3d at 56.  Under this step, we consider whether the record of conviction reveals that all the elements of a "crime of violence" have been established. In so doing, we must restrict our review to the record of conviction. "Typically, the record includes the charging document, jury instructions, and verdict form, or in the context of a plea, the written plea agreement and the transcript of the change-of-plea colloquy."  *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

The record of conviction in this case consists of the judgment, a criminal information alleging two counts, and the respondent's request to enter a plea of nolo contendere to count 1 of that charging document. We conclude that the respondent's conviction record shows that he entered a plea of nolo contendere to the charge that he solicited another person to commit the crime of assault with a dangerous weapon in violation of section 11-1-9 of the General Laws of Rhode Island.

Rhode Island has not defined the term "assault" legislatively, so the offense is defined by reference to the common law. *See State v. Jackson*, 752 A.2d 5, 9 (R.I. 2000). The Supreme Court of Rhode Island has defined assault as an "unlawful attempt or offer, *with force or violence*, to do a corporal hurt to another, whether from malice or wantonness." *See, e.g.*, *State v. McLaughlin*, 621 A.2d 170, 177 (R.I. 1993) (emphasis added). The First Circuit determined that "under Rhode Island law there can be no assault without the presence of physical force." *Lopes v. Keisler*, 505 F.3d 58, 63 (1st Cir. 2007). It therefore concluded that the offense of "assault" as defined by Rhode Island law qualifies as a crime of violence under 18 U.S.C. § 16(a) and, consequently, is an aggravated felony under section 101(a)(43)(F) of the Act. *Id.* Furthermore, the First Circuit has specifically held that the offense of assault with a dangerous weapon in violation of section 11-5-2 of the General Laws of Rhode Island is a "crime of violence" and therefore qualifies as an aggravated felony under section 101(a)(43)(F). *Almon v. Reno*, 214 F.3d 45, 46 & n.3 (1st Cir. 2000).

The question before us is whether soliciting another to commit assault with a dangerous weapon, which is a crime of violence, also qualifies as a crime of violence. We are not aware that this question has been specifically addressed by the First Circuit. However, other courts have found that "solicitation of an offense that otherwise meets the definition of 'crime of violence' is also a crime of violence." *United States v. Cornelio-Pena*, 435 F.3d 1279, 1288 (10th Cir. 2006); *see also Prakash v. Holder*, 579 F.3d 1033, 1036-37 (9th Cir. 2009) (finding that because there is a substantial risk that the solicitation of rape and of assault will lead to violence, it is a crime of violence under 18 U.S.C. § 16(b)).[2] We agree. "Solicitation seeks to induce the commission of a crime, and thus is the original, direct cause of the crime if it is subsequently committed." *United States v. Cornelio-Pena*, 435 F.3d at 1287-88; *see also Ng v. Att'y Gen. of U.S.*, 436 F.3d 392, 397 (3d Cir. 2006) (concluding that solicitation to commit murder "poses a substantial risk that

---

[2] The Ninth Circuit also concluded that because neither of the California solicitation offenses at issue included as an element the actual "use, attempted use, or threatened use of physical force against the person or property of another," those offenses did not constitute crimes of violence under 18 U.S.C. § 16(a). *Prakash v. Holder*, 579 F.3d at 1036.

physical force will be used against another," regardless of whether the actual use of force ever occurs).

As noted by the court in *Prakash v. Holder*, 579 F.3d at 1036, "Section 16(b) turns on the risk of physical force as a consequence of the criminal conduct at issue, not on the timing of the force." Furthermore, the "risk of violence is created and exists from the time of the solicitation." *Id.* at 1037. Applying the court's rationale to the matter before us, we find that although the respondent's solicitation offense "can be committed without the use of force and before any actual force is used, this does not diminish the substantial risk of violence that solicitation of . . . *assault* inherently presents." *Id.* (emphasis added). We further concur that "for the purpose of determining whether the offense of solicitation is a crime of violence, whether there is a substantial risk that physical force will be used in the course of committing the offense properly extends to the intended result of the solicitation." *Id.* In this regard, we point out that to obtain a conviction for criminal solicitation under section 11-1-9 of the General Laws of Rhode Island, the State must show that the accused intended that the solicited crime, in this case assault with a dangerous weapon, would be committed. *See State v. Crow*, 871 A.2d 930, 935 (R.I. 2005). And as previously noted, the First Circuit has specifically found that assault offense to be a crime of violence aggravated felony. *Almon v. Reno*, 214 F.3d at 46.

In a similar context, it has been determined that a statute punishing the possession of a firearm with intent to use it against another meets the requirements for a crime of violence aggravated felony because, while the offense of possession is technically complete at the time of the mere possession itself, the language "in the course of committing the offense" in 18 U.S.C. § 16(b) encompasses the intended completion of the offense. *See Henry v. Bureau of Immigration and Customs Enforcement*, 493 F.3d 303, 308-10 (3d Cir. 2007) (stating that if someone intends to use physical force, there is a substantial risk that physical force may be used, and that proof of the intent element creates the substantial risk that physical force will be used during the commission of the offense).

This is consistent with the Supreme Court's statement in *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004), that burglary is a "classic example" of a crime of violence. In so observing, the Court noted that "burglary, by its nature, involves a substantial risk that the burglar will use force against a victim *in completing the crime*." (Emphasis added.) Just as a substantial risk might well not exist when a burglar first steps onto a property with the requisite intent to steal or commit some other crime within, so too the fact that a substantial risk may not exist at the time of the initial solicitation to commit a violent crime itself does not insulate the solicitation offense from being found to involve a substantial risk of the use of force when the crime

is *completed*. In short, there is an important distinction between when an offense is complete and when it is completed. *See generally United States v. Wechsler*, 392 F.2d 344, 346-47 (4th Cir. 1968).

Finally, we agree with the reasoning of the *Prakash* court, which persuasively rejected assertions that by expressly including the inchoate offenses of attempt and conspiracy in section 101(a)(43)(U) of the Act, Congress intentionally excluded solicitation from the definition of an aggravated felony under the subparagraphs that come before it, and that interpreting section 101(a)(43)(F) to include inchoate offenses allows courts to circumvent section 101(a)(43)(U), rendering that provision a nullity. *See Prakash v. Holder*, 579 F.3d at 1038-39.

## V. CONCLUSION

We conclude that the respondent was convicted of criminal solicitation, a felony offense for which he was sentenced to a term of imprisonment of at least 1 year, which qualifies as a crime of violence under 18 U.S.C. § 16(b) and therefore an aggravated felony under section 101(a)(43)(F) of the Act. He is consequently removable under section 237(a)(2)(A)(iii) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.