**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LETICIA RODRIGUEZ RAMIREZ, | No. 10-70903 |
| Petitioner, | Agency No. A092-814-901 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2012[**]
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District
Judge.[***]

Leticia Rodriguez Ramirez, a native and citizen of Mexico, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") affirming

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]     The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

without opinion the Immigration Judge's ("IJ") denial of her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

1. We lack jurisdiction to review the order of removal entered against Petitioner because her 2006 conviction for possession of methamphetamine in violation of California Health and Safety Code § 11377(a) renders her removable by reason of having committed a controlled substance offense covered by 8 U.S.C. § 1252(a)(2)(C). *See Cruz-Aguilera v. INS,* 245 F.3d 1070, 1073 (9th Cir. 2001).

2. Petitioner challenges the IJ's determination that she committed an aggravated felony, making her ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3). We lack jurisdiction to review a final order of removal based upon an aggravated felony conviction. 8 U.S.C. § 1252(a)(2)(C). We do, however, retain jurisdiction to determine whether a conviction constitutes an aggravated felony as a matter of law. *Prakash v. Holder,* 579 F.3d 1033, 1035 (9th Cir. 2009).

In 2003, Petitioner pled guilty to a violation of California Welfare and Institutions Code § 10980(c). For this offense, she was placed on probation and ordered to pay $12,637 in restitution. Therefore, according to our decision in *Ferreira v. Ashcroft*, 390 F.3d 1091, 1096 (9th Cir. 2004), *abrogated on other*

2

*grounds by Nijhawan v. Holder*, 129 S.Ct. 2294, 2302-03 (2009), Petitioner was convicted of an aggravated felony.

**3.** We retain jurisdiction to consider Petitioner's due process claim. 8 U.S.C. § 1252(a)(2)(D) (providing for review of constitutional claims); *Ram v. Mukasey*, 529 F.3d 1238, 1240 (9th Cir. 2008). Petitioner argues that the BIA violated her right to due process when it refused to accept her late-filed brief. An individual in removal proceedings has a constitutional right to fair proceedings that allow her reasonably to present her case. *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010). Here, the BIA did not abuse its discretion or deprive Petitioner of due process when it denied her leave to file a late brief after giving her prior notice of the briefing schedule. *See id.* at 1013-14.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**