**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALEJANDRO ROMERO-MENDEZ, a.k.a. Jorge Alejandro Romero, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 11-71793 <br><br> Agency No. A077-103-812 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2014[**]
Pasadena, California

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

Jorge Alejandro Romero-Mendez ("Romero-Mendez") petitions for review

of a decision of the Board of Immigration Appeals ("BIA") finding him removable

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony after admission to the United States. We deny in part and dismiss in part.

1.    The BIA correctly found Romero-Mendez removable based on his conviction under California Penal Code Section 273.5(a) and the two-year state prison sentence he received following violation of probation. The former qualifies categorically as a "crime of violence" under 18 U.S.C. § 16(a). *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083 (9th Cir. 2010). The latter constitutes a "term of imprisonment [of] at least one year" under 8 U.S.C. § 1101(a)(48)(B).[1] Because we find this conclusion clear based on the current administrative record, we deny Romero-Mendez's motion to supplement the administrative record.

We also reject Romero-Mendez's contention that the two-year state prison sentence he received was imposed as punishment for his violation of probation, and not for his conviction under Section 273.5(a). The record shows that Romero-Mendez admitted that he violated the terms of his probation, had his prior probationary sentence vacated, and received a two-year state prison sentence for his conviction under Section 273.5(a)—something clearly permitted under

---

[1]Romero-Mendez's suggestion that the sentencing court did not suspend the imposition of sentence when granting him probation is wrong as a matter of California law. *See* Cal. Penal Code § 1203(a).

California Penal Code Section 1203.1(j). *See also* Cal. Penal Code § 273.5(a) (permitting punishment by imprisonment in state prison for up to four years).

Because Romero-Mendez is removable based on his conviction under Section 273.5(a) and his two-year state prison sentence, we lack jurisdiction over his petition and dismiss the petition in part. *See Prakash v. Holder*, 579 F.3d 1033, 1039 (9th Cir. 2009).

2.     Romero-Mendez cannot establish a viable claim of ineffective assistance of counsel. In order to succeed on a claim of ineffective assistance of counsel during removal proceedings, a petitioner must demonstrate prejudice. *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006). "[W]here counsel's performance was inadequate but the petitioner still had an opportunity to present his claim, '[p]rejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.'" *Id.* (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)) (second alteration in original). This is a hurdle Romero-Mendez cannot surmount because, as noted above, the record establishes his removability on the basis of his conviction under California Penal Code Section 273.5(a) and the two-year state prison sentence he received. Thus, we deny Romero-Mendez's petition in part.

3. Romero-Mendez's argument that 8 U.S.C. § 1227(a)(2)(A)(iii), as applied in his case, is unconstitutionally broad lacks merit. As a preliminary matter, Romero-Mendez fails to identify any portion of the Federal Constitution that the statute purportedly violates. Moreover, his assertion that Congress intended removability under 8 U.S.C. § 1227(a)(2)(A)(iii) to be limited to "the most egregious offenses" is contradicted by the plain language of the statute and the various definitions it incorporates. *See* 8 U.S.C. § 1101(a)(43)(F); 8 U.S.C. § 1227(a)(2)(A)(iii); 18 U.S.C. § 16(a). We therefore deny Romero-Mendez's petition in part.

**DISMISSED** in part and **DENIED** in part.

FILED

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Romero-Mendez v. Holder*, No. 11-71793

Circuit Judge NGUYEN, concurring in part and concurring in the judgment:

For the reasons offered in my concurrence in *Perez Ramirez v. Holder*, No. 10-71198, 2014 WL 961883 (9th Cir. Mar. 13, 2014), as to Part 1 of the memorandum disposition, I concur only in the judgment.