MEMORANDUM **
Jorge Alejandro Romero-Mendez (“Romero-Mendez”) petitions for review of a decision of the Board of Immigration Appeals (“BIA”) finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony after admission to the United States. We deny in part and dismiss in part.
1. The BIA correctly found Romero-Mendez removable based on his conviction under California Penal Code Section 273.5(a) and the two-year state prison sentence he received following violation of probation. The former qualifies categorically as a “crime of violence” under 18 U.S.C. § 16(a). See Banuelos-Ayon v. Holder, 611 F.3d 1080, 1083 (9th Cir.2010). The latter constitutes a “term of imprisonment [of] at least one year” under 8 U.S.C. § llOllaXJSXB).[1] Because we find this conclusion clear based on the current administrative record, we deny Romero-Mendez’s motion to supplement the administrative record.
We also reject Romero-Mendez’s contention that the two-year state prison sentence he received was imposed as punishment for his violation of probation, and not for his conviction under Section 273.5(a). *885 The record shows that Romero-Mendez admitted that he violated the terms of his probation, had his prior probationary sentence vacated, and received a two-year state prison sentence for his conviction under Section 273.5(a) — something clearly permitted under California Penal Code Section 1203.1(j). See also CabPenal Code § 273.5(a) (permitting punishment by imprisonment in state prison for up to four years).
Because Romero-Mendez is removable based on his conviction under Section 273.5(a) and his two-year state prison sentence, we lack jurisdiction over his petition and dismiss the petition in part. See Prakash v. Holder, 579 F.3d 1033, 1039 (9th Cir.2009).
2. Romero-Mendez cannot establish a viable claim of ineffective assistance of counsel. In order to succeed on a claim of ineffective assistance of counsel during removal proceedings, a petitioner must demonstrate prejudice. Ray v. Gonzales, 439 F.3d 582, 587 (9th Cir.2006). “[Wjhere counsel’s performance was inadequate but the petitioner still had an opportunity to present his claim, ‘[prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.’ ” Id. (quoting Ortiz v. INS, 179 F.3d 1148, 1153 (9th Cir.1999)) (second alteration in original). This is a hurdle Romero-Mendez cannot surmount because, as noted above, the record establishes his removability on the basis of his conviction under California Penal Code Section 273.5(a) and the two-year state prison sentence he received. Thus, we deny Romero-Mendez’s petition in part.
3. Romero-Mendez’s argument that 8 U.S.C. § 1227(a)(2)(A)(iii), as applied in his case, is unconstitutionally broad lacks merit. As a preliminary matter, Romero-Mendez fails to identify any portion of the Federal Constitution that the statute purportedly violates. Moreover, his assertion that Congress intended removability under 8 U.S.C. § 1227(a)(2)(A)(iii) to be limited to “the most egregious offenses” is contradicted by the plain language of the statute and the various definitions it incorporates. See 8 U.S.C. § 1101(a)(43)(F); 8 U.S.C. § 1227(a) (2) (A) (iii); 18 U.S.C. § 16(a). We therefore deny Romero-Mendez’s petition in part.
DISMISSED in part and DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Romero-Mendez s suggestion that the sentencing court did not suspend the imposition of sentence when granting him probation is wrong as a matter of California law. See Cal.Penal Code § 1203(a).