

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARTOLO GIOVANNI VIVENZI-DE LA CRUZ, AKA Bartolo Giovanni Vivenzi,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70526<br><br>Agency No. A036-216-291<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2015
San Francisco California

Before: SCHROEDER and SILVERMAN, Circuit Judges, and HUCK, Senior District Judge.**

Bartolo Giovanni Vivenzi-De La Cruz, a native and citizen of Colombia,

petitions for review of a final order of removal. Even though our jurisdiction is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

limited because petitioner is removable for having committed aggravated felonies and controlled substance violations, we have jurisdiction to consider the questions of law raised by petitioner. 8 U.S.C. § 1252(a)(2)(D); *Prakash v. Holder*, 579 F.3d 1033, 1035 (9th Cir. 2009). We deny the petition for review.

We reject petitioner's argument that the Board either failed to consider his Convention Against Torture ("CAT") deferral of removal claim or erred when it held that petitioner had waived his claim in the first appeal. Because petitioner filed appeal briefs with the Board, we look to the briefs, not the notices of appeal, to determine whether petitioner exhausted his claims. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (per curiam en banc). The first appeal brief merely mentioned that petitioner had applied for CAT relief. The second appeal brief only mentioned the reason for the asylum application in the context of a § 212(c) waiver argument. It did not mention torture or CAT. Neither statement put the Board on notice that petitioner was appealing the denial of CAT protection. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) (holding that a CAT claim was exhausted because the petitioner "explicitly mentioned in his brief to the BIA that he was requesting reversal of the IJ's denial of relief under the Convention Against Torture.").

**PETITION FOR REVIEW DENIED.**

2