# Matter of Ivan Enedelio FLORES-Aguirre, Respondent

*Decided June 27, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of traveling in interstate commerce with the intent to distribute the proceeds of an unlawful drug enterprise in violation of 18 U.S.C. § 1952(a)(1)(A) (2006) is not an "aggravated felony" under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2006), because it is neither a "drug trafficking crime" under 18 U.S.C. § 924(c) (2006) nor "illicit trafficking in a controlled substance." *Matter of Davis*, 20 I&N Dec. 536 (BIA 1992), followed.

FOR RESPONDENT: Paul H. Scott, Esquire, Baton Rouge, Louisiana

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sherron Ashworth, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, GUENDELSBERGER, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated January 3, 2012, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony, and under section 237(a)(2)(B)(i) of the Act, as an alien convicted of a controlled substance violation, and ordered him removed from the United States. The respondent has appealed from that decision. The Department of Homeland Security opposes the appeal. The respondent's appeal will be sustained and the record will be remanded to the Immigration Judge.

The respondent is a native and citizen of Mexico and a lawful permanent resident of the United States. In 2011 he was convicted in a Federal court in Alabama of traveling in interstate commerce with the intent to distribute the proceeds of an unlawful drug business, a felony under 18 U.S.C. § 1952(a)(1)(A) (2006), for which he was sentenced to a term of imprisonment of 12 months and 1 day. The respondent conceded that this conviction renders him deportable as an alien convicted of a violation of Federal law relating to a controlled substance. Thus, the sole issue on appeal is whether the respondent's offense is also an "aggravated felony" that renders him ineligible for cancellation of removal pursuant to

section 240A(a)(3) of the Act, 8 U.S.C. § 1229b(a)(3) (2006). Upon de novo review, we conclude that it is not.

At the time of the respondent's offense and conviction, 18 U.S.C. § 1952(a)(1)(A) provided in pertinent part as follows:

> Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to—
>> (1) distribute the proceeds of any unlawful activity . . .
>> . . .
> and thereafter performs or attempts to perform—
>> (A) [such a distribution] shall be fined under this title, imprisoned not more than 5 years, or both . . . .

For purposes of § 1952(a), the term "unlawful activity" is defined to include "any business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act)." 18 U.S.C. § 1952(b)(1).

According to the respondent's indictment, he violated § 1952(a)(1)(A) because he

> traveled in interstate commerce . . . with the intent to distribute the proceeds of an unlawful activity, namely a business enterprise involving the possession with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1), and thereafter performed and attempted to perform an act to distribute the proceeds of such unlawful activity.

The respondent entered a guilty plea to that charge, and there is no present dispute that the "unlawful activity" underlying the respondent's violation was illicit drug distribution. Thus, the dispositive question is whether the intentional distribution of the proceeds of an illicit drug business is an "aggravated felony."

The term "aggravated felony" means, inter alia, "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." Section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2006). Although the respondent's violation of 18 U.S.C. § 1952(a)(1)(A) is a Federal felony, it is *not* an aggravated felony under the "drug trafficking crime" clause of section 101(a)(43)(B) because it does not involve conduct punishable as a felony under "the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46," as required by 18 U.S.C. § 924(c)(2).[1]

---

[1] As the respondent maintains in his appellate brief, there is no provision of the Controlled Substances Act that prohibits an individual from distributing the proceeds of

(continued . . .)

Furthermore, we agree with the respondent that his offense is not an aggravated felony under the "illicit trafficking" clause of section 101(a)(43)(B) because it does not involve "unlawful trading or dealing" in federally controlled substances, *Matter of Davis*, 20 I&N Dec. 536, 541 (BIA 1992), but rather involves conduct engaged in *after* such unlawful trading or dealing has been consummated. Although distribution of proceeds is an integral part of a drug organization's business, such conduct is too distinct from the actual physical distribution of drugs to be considered an "illicit trafficking" aggravated felony under the interpretation we adopted in *Matter of Davis*.[2] Accordingly, the respondent's appeal will be sustained.

In light of the foregoing, we conclude that the respondent is not ineligible for cancellation of removal by virtue of having been convicted of an aggravated felony. Accordingly, the record will be remanded for further proceedings in connection with his request for such relief and for the entry of a new decision.[3]

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision and for the entry of a new decision.

_____

unlawful drug sales. It is a felony to "use or invest" income derived from illegal drug sales to acquire an interest in an enterprise affecting interstate commerce, *see* 21 U.S.C. § 854 (2006), and it is certainly conceivable that some "uses" or "investments" of illicit drug proceeds might also qualify as "distributions" of such proceeds under 18 U.S.C. § 1952(a)(1)(A). We are aware of no case so holding, however, and the respondent's conviction record does not suggest that he was convicted under § 1952(a)(1)(A) based on his "use or investment" of drug proceeds.

[2] Every circuit that has reviewed our interpretation of the term "illicit trafficking" in *Matter of Davis* has deferred to it. *See Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008); *Gerbier v. Holmes*, 280 F.3d 297, 305–06, 313 (3d Cir. 2002); *Kuhali v. Reno*, 266 F.3d 93, 107–08 (2d Cir. 2001). We note, moreover, that the "trafficking" and "illicit trafficking" concepts have applications beyond section 101(a)(43)(B) of the Act. *E.g.*, section 101(a)(43)(C) of the Act ("illicit trafficking" in firearms, destructive devices, and explosive materials); section 101(a)(43)(R) of the Act (offenses "relating to . . . trafficking in vehicles" with altered identification numbers); section 212(a)(2)(C) of the Act, 8 U.S.C. § 1182(a)(2)(C) (2006) ("illicit traffick[ing] in any controlled substance").

[3] Although the respondent's recent conviction under 18 U.S.C. § 1952(a)(1)(A) does not render him ineligible for cancellation of removal, it will be a highly relevant factor in the discretionary determination on remand. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1692 (2013).