Gerard DEPTULA, Petitioner

v.

ATTORNEY GENERAL OF UNITED
STATES of America.

No. 15–1953.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) Nov. 5, 2015.

Filed: Feb. 23, 2016.

Marc J. Reiter, Esq., Pittsburgh, PA, for Petitioner.

Surell Brady, Esq., Timothy Hayes, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Washington, DC, for Attorney General of United States of America.

Before: FUENTES, JORDAN, and VANASKIE, Circuit Judges.

OPINION *

FUENTES, Circuit Judge:

Gerard Deptula, a lawful permanent resident, was convicted of violating the Travel Act, 18 U.S.C. § 1952. An Immigration Judge held that Deptula's conviction was both a crime relating to a controlled substance and an aggravated felony, rendering Deptula both removable from the country and statutorily ineligible for can-

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

cellation of removal. The Board of Immigration Appeals affirmed. We agree, and will therefore deny Deptula's petition for review.

## I.

Deptula is a native and citizen of Poland who has lived in the United States as a lawful permanent resident since 1991. In December 2012, he pled guilty to two counts of traveling in interstate and foreign commerce to promote unlawful activity, in violation of Section 1952(a)(3) of the Travel Act.[1] He was sentenced to 18 months' imprisonment.

The Department of Homeland Security subsequently commenced removal proceedings against Deptula on three grounds: (1) as an alien convicted of an aggravated felony;[2] (2) as an alien convicted of a crime relating to a controlled substance (as defined in the Controlled Substances Act);[3] and (3) as an alien convicted of two crimes involving moral turpitude.[4] Deptula denied all charges of removability.

The Immigration Judge sustained the first two charges of removability, and found it unnecessary to address the third charge. She also denied Deptula's application for cancellation of removal, since his aggravated felony conviction rendered him statutorily ineligible for this form of relief.[5]

On appeal, the BIA underscored that the superseding information to which Deptula pled guilty indicated that the underlying unlawful activity in which he engaged was a conspiracy to violate Section 841(a)(1) of the Controlled Substances Act. Section 841(a)(1) makes it unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."[6] Thus, the BIA explained, Deptula's unlawful activity fell within the definition set out in Section 1952(b)(i)(1) of the Travel Act as "any business enterprise involving . . . con-

---

1. The Travel Act, 18 U.S.C. § 1952, provides:

   (a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to—
   (1) distribute the proceeds of any unlawful activity; or
   (2) commit any crime of violence to further any unlawful activity; or
   (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
   and thereafter performs or attempts to perform—
   (A) an act described in paragraph (1) or (3) shall be fined under this title, imprisoned not more than 5 years, or both; or
   (B) an act described in paragraph (2) shall be fined under this title, imprisoned for not more than 20 years, or both, and if death results shall be imprisoned for any terms of years or for life.
   (b) As used in this section (i) "unlawful activity" means (1) any business enterprise involving gambling, liquor on which the Federal

excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed or of the United States, (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States, or (3) any act which is indictable under subchapter II of chapter 53 of title 31, United States Code, or under section 1956 or 1957 of this title . . .

2. 8 U.S.C. § 1227(a)(2)(A)(iii).

3. 8 U.S.C. § 1227(a)(2)(B)(i).

4. 8 U.S.C. § 1227(a)(2)(A)(ii).

5. *See* 8 U.S.C. § 1229b(a)(3). The IJ noted that, if Deptula's Travel Act conviction did not constitute an aggravated felony, she would grant cancellation of removal in the exercise of her discretion.

6. 21 U.S.C. § 841(a)(1).

trolled substances (as defined in section 102(6) of the Controlled Substances Act)." [7] The BIA noted that this was the only type of unlawful activity defined in the Travel Act that involves controlled substances.

The BIA concluded that Deptula's conviction necessarily related to a federally controlled substance, since the underlying activity was a conspiracy to violate the Controlled Substances Act. The BIA also concluded that Deptula's conviction fell within the rubric of the "illicit trafficking in a controlled substance" definition of aggravated felony under the Immigration and Nationality Act ("INA").[8] The BIA has defined "illicit trafficking" to include "any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing in a controlled substances as defined by Federal law."[9] The BIA reasoned that Deptula's conviction for engaging in a "business enterprise" necessarily involved remunerative activity—that is, trading or dealing. It also stressed that Deptula was punished for engaging in

ongoing activity, and thus his conduct bore a "substantial nexus to the actual physical distribution of drugs." A.R. 8.[10] Accordingly, the BIA dismissed Deptula's appeal. This petition for review followed.[11]

## II.

Deptula maintains that his Travel Act conviction is not an aggravated felony under the INA.[12] In relevant part, the INA's definition of "aggravated felony" includes "illicit trafficking in a controlled substance," as well as an attempt or conspiracy to commit illicit trafficking in a controlled substance.[13] To determine whether Deptula's Travel Act conviction counts as an aggravated felony, we can apply the "illicit trafficking element" test.[14] This test asks whether the alien's conviction is a felony that contains a trafficking element, that is, "the unlawful trading or dealing of a controlled substance."[15] "Essential to the concept of 'trading or dealing' is activity of a 'business or merchant nature,' thus

7. 18 U.S.C. § 1952(b)(i)(1).

8. 8 U.S.C. § 1101(a)(43)(B).

9. *Matter of L–G–H–*, 26 I. & N. Dec. 365, 368 (BIA 2014) (internal quotation marks omitted).

10. *Cf. Matter of Flores*, 26 I. & N. Dec. 155, 157 (BIA 2013) (finding conviction under Section 1952(a)(1) of the Travel Act not "illicit trafficking" because it "involves conduct engaged in *after* such unlawful trading or dealing has been consummated").

11. We have jurisdiction over Deptula's petition for review pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Ng v. Att'y Gen.*, 436 F.3d 392, 394 (3d Cir.2006) (stating that our jurisdiction extends to "questions of law raised upon a petition for review, including petitions for review of removal orders based on aggravated felony convictions"). We review de novo whether Deptula was convicted of an aggravated felony. *Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir.2008).

12. Deptula concedes that his Travel Act conviction is for a crime relating to a controlled substance. Pet. Br. 11, n. 1. At one point in his brief, however, Deptula suggests that he continues to contest this point. *See* Pet. Br. 20, n. 4. Even if we did not find this issue waived by virtue of Deptula's equivocal argument, Deptula's Travel Act conviction—once the predicate unlawful activity is identified—undeniably relates to a federally controlled substance. *See Rojas v. Att'y Gen.*, 728 F.3d 203, 214 (3d Cir.2013) (en banc) (holding that to be removable under 8 U.S.C. § 1227(a)(2)(B)(i), the statute of conviction must be under a law relating to a controlled substance, and involve a drug defined in the Controlled Substances Act).

13. 8 U.S.C. § 1101(a)(43)(B), (U).

14. *See Evanson*, 550 F.3d at 288–90 (explaining the "illicit trafficking element" test and the "hypothetical federal felony" test).

15. *Id.* at 289.

excluding simple possession or transfer without consideration."[16]

We begin our analysis by applying the "formal categorical approach."[17] This approach requires us to "compare the elements of the statute forming the basis of the defendant's conviction"—here, the Travel Act—"with the elements of the 'generic' crime"—here, illicit trafficking in a controlled substance.[18] The relevant question is whether the statute of conviction "categorically fits" within the generic definition of the corresponding aggravated felony.[19] A "categorical match" occurs only when the defendant's statute of conviction "necessarily involved facts equating to the generic federal offense."[20] This involves a comparison of elements; the facts underlying the conviction are irrelevant.[21]

However, when faced with a divisible statute—that is, one with "multiple, alternative versions of the crime"—we may look to a limited class of extra-statutory documents to determine which version formed the basis of the defendant's conviction.[22] Under this "modified categorical approach," if a statute is divisible, a court may consult "the charging paper and jury instructions" when the conviction resulted from a jury trial, or "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" when the conviction resulted from a guilty plea.[23] Once we determine the exact statutory alternative under which the defendant was convicted, we "can then do what the categorical approach demands"—a comparison of the elements.[24]

Here, the Travel Act is certainly divisible: Sections 1952(a)(1), (a)(2), and (a)(3) set out alternative versions of the crime, and the prescribed punishments depend on which subsection has been violated. Moreover, each alternative version must involve one of the specified types of "unlawful activity" enumerated in Section 1952(b)(i). As several circuits have recognized, to obtain a Travel Act conviction, the government must prove not only that the unlawful activity falls within one of the categories listed in Section 1952(b)(i), but also that the defendant had the specific intent to facilitate each element of the relevant offense.[25]

For these reasons, we must apply the modified categorical approach to deter-

16. *Steele v. Blackman*, 236 F.3d 130, 135 (3d Cir.2001) (quoting *Matter of Davis*, 20 I. & N. Dec. 536, 541 (BIA 1992)).

17. *Evanson*, 550 F.3d at 290.

18. *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013).

19. *Moncrieffe v. Holder*, —— U.S. ——, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013).

20. *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

21. *Id.*

22. *Descamps*, 133 S.Ct. at 2284.

23. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *Shepard*, 544 U.S. at 16, 125 S.Ct. 1254.

24. *Descamps*, 133 S.Ct. at 2281.

25. *See, e.g., United States v. Rodriguez–Duberney*, 326 F.3d 613, 617 (5th Cir.2003) (finding it proper for sentencing court to look to indictment to determine the nature of the underlying offense since jury was required to find drug trafficking to convict defendant under the Travel Act); *United States v. Jones*, 909 F.2d 533, 539 (D.C.Cir.1990) (noting that a proper Travel Act jury instruction "would inform the jury that the defendant must have performed or attempted to perform an act in furtherance of the business, with the intent that each element of the underlying state crime be completed").

mine both what subsection of the Travel Act formed the basis of Deptula's conviction, and which unlawful activity formed the predicate offense.[26] According to the judgment of conviction, Deptula was convicted of Section 1952(a)(3) of the Travel Act, which proscribes using interstate or foreign commerce to promote, manage, establish, carry on, or facilitate an unlawful activity. A.R. 584. Deptula's plea agreement states that he pled guilty to a superseding information, which identifies the underlying activity as a conspiracy to violate Section 841(a)(1) of the Controlled Substances Act. A.R. 590–92. Deptula's unlawful activity must therefore fall under Section 1952(b)(i)(1) as a "business enterprise involving ... controlled substances." As the BIA pointed out, this is the only type of unlawful activity defined in the Travel Act that involves controlled substances. Put together, we conclude that Deptula's conviction is a felony offense that necessarily involves the unlawful trading or dealing in a controlled substance, and thereby constitutes "illicit trafficking in a controlled substance" under the INA.

Deptula argues that his plea agreement and the superseding information do not indicate which controlled substance was involved, or how much. Thus, he contends, the "unlawful activity" may very well involve "distributing a small amount of marijuana for no remuneration," which is not a felony under federal law.[27] But the fact that Deptula was convicted of engaging in a "business enterprise" suggests that his actions involved some sort of commercial element, and thus cannot have been for "no remuneration." Deptula also highlights *Matter of Flores*, wherein the

BIA held that distributing the proceeds of a business enterprise involving controlled substances under Section 1952(a)(1) of the Travel Act is not an aggravated felony under the INA.[28] But, as the BIA highlighted below, Section 1952(a)(1) only proscribes conduct that occurs *after* the unlawful activity takes place, and a conviction under that provision does not necessarily imply that the defendant was engaged in ongoing "trafficking." Here, Deptula's conviction under Section 1952(a)(3) for promoting, managing, establishing or carrying on a business enterprise involving a controlled substance suggests the proscribed conduct was ongoing.

Deptula also argues that because the Travel Act does not require the government to prove that the defendant actually committed the predicate unlawful activity—attempt is enough—Deptula's conviction essentially was for the attempt to conspire to violate the Controlled Substances Act. This, he contends, is too far removed from actual trading or dealing in a controlled substance to constitute an aggravated felony. While this argument is a closer call, we conclude that because the INA defines both attempt and conspiracy to commit an aggravated felony as aggravated felonies themselves, Deptula's Travel Act conviction, even if only an attempted crime, still constitutes an aggravated felony.

### III.

For the reasons set forth above, we hold that Deptula's Travel Act conviction is an aggravated felony under the INA. Accord-

---

26. *Cf. United States v. Brown*, 765 F.3d 185, 191 (3d Cir.2014) ("If a statute is generally divisible into multiple versions, but each version is overbroad (covers at least some conduct that is not a crime of violence) and indivisible (cannot be further divided into

sub-sections *based on the elements* ), the extra-statutory documents are irrelevant....").

27. *See* 21 U.S.C. § 841(b)(4).

28. 26 I. & N. Dec. at 157.

ingly, we will deny Deptula's petition for review.